STATE of Missouri, Respondent,

v.

Vincent HERNANDEZ, Appellant.

No. 54570.

Supreme Court of Missouri, Division No. 2.

Feb. 8, 1971.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Charles A. Gallipeau, Kansas City, for appellant.

BARRETT, Commissioner.

Vincent Hernandez, with a prior felony conviction, has been found guilty of burglary in the second degree (RSMo 1969, § 560.070, V.A.M.S.) and sentenced to five years' imprisonment.

The two questions raised upon this appeal do not concern the sufficiency of the evidence and so it is sufficient to say that in the early morning hours of March 2, 1968, the police, responding to a call, saw the appellant in the burgled printing plant at 1613a Genesee and arrested him as well as his confederate, "Lalo" Trevino, as they were flushed from the building.

The glass in one of the doors was broken, the door had been "jimmied" and was ajar when the police arrived. The doors and windows had all been securely locked at six o'clock the previous evening. The defendant admitted that he was in the alley near the door but denied that he had been inside the building. He claimed that he was taking care of his drunkenly sick friend "Lalo" and did not know of the broken door until it was called to his attention by the police. But because of the condition of the door one of his claims is that the court prejudicially erred in not instructing the jury as a part of the law of the case on the misdemeanor offense of malicious destruction of property, RSMo 1969, § 560.395. It is sufficient to dispose of this point to again say that the malicious destruction of property is not a lesser and included offense when the proof sustains the charge of burglary in the second degree. State v. Newman, Mo., 391 S.W.2d 207, 209; State v. Drake, Mo., 298 S.W.2d 374, 377–378.

The second point set forth in the brief, without citation of authority, is that the court erred "in limiting defense counsel's remarks during closing argument referring to the actions and conduct of defendant as a minority group member." There was no issue concerning the subject of the appellant's race or racial origin, the jury of course observed him as he sat at counsel table throughout the trial and particularly when he testified. Nevertheless, in his argument defendant's counsel in pleading for mercy said, "Now, Mr. Hernandez testified. Mr. Hernandez is obviously a member of a minority group. He is Mexican. And he has one other handicap. He has had previous brushes with the law * * *. Now, a man in those circumstances is different than you or I. We don't have that same fears that arouse themselves in a man of a minority group with a record when police officers come into an area where something must have happened, might have happened. You can say, well, officer, blah, blah, blah, something this or something that. But this man has two handicaps to overcome." And then defense counsel said, "And, sorry to say, there is sometimes what we call selective law enforcement." At this point state's counsel interposed, "I am going to object to this type of argument as being highly improper. There has been no evidence of selective law enforcement. I think that counsel is interjecting a prejudicial statement." The court sustained the objection and upon request told the jury to "disregard the last statement" and counsel's argument proceeded without further ado.

It may be said in passing that "(a)ppeals by counsel to prejudice for or against a party * * * or a defendant in a criminal prosecution by reason of his race or nationality * * * have consequently been very generally condemned." 53 Am.Jur. (Trial) § 497, p. 402; 88 C.J.S. Trial, §§ 188, 191, pp. 373, 375. The quoted record refutes the claim that the court improperly restricted counsel's argument, on the contrary and whether proper or not counsel was permitted to make his point that appellant belonged to a minority group (State v. Niehoff, Mo., 395 S.W.2d 174, 184) and there has been no such abuse of

discretion in restricting counsel's argument as to demand the granting of a new trial by this court.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.