**STATE of Missouri, Respondent,**

v.

**Wiley DAVIS, Appellant.**

**No. 40040.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 28, 1978.

Christelle Adelman-Adler, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of second degree burglary and sentenced under the Second Offender Act to five years imprisonment. On appeal defendant contends that the trial court erred in refusing to give a lesser and included offense instruction on malicious destruction of property. We affirm.

At about 5:30 A. M. Scott Rooks went to his place of business—a barber and beauty shop in St. Louis—to open for his day's business activities. As he approached the premises, he noted that the glass door to the beauty shop was broken and the door open. Mr. Rooks entered, called the police, and to defendant's discomfiture, discovered defendant inside the barber shop with a screwdriver in hand. When asked his uninvited purpose inside the building, defendant responded that he was merely investigating who had broken the window but fled when confronted by Mr. Rooks' pistol. After a short chase defendant was captured by Mr. Rooks and a friend and held for police and his ultimate arrest.

On appeal, defendant contends only that the evidence supports the submission of an instruction for the lesser and included offense of malicious destruction of property. He argues that the only evidence adduced was the breaking of the front door glass. No items of personal property within the premises were taken or even moved. He maintains that if evidence exists supporting both burglary and malicious destruction of property an instruction on the latter is mandatory.

It is clear that the evidence supports defendant's conviction of second degree burglary. His uninvited presence within the building which had been broken into where goods, merchandise or items of value were kept is sufficient inference of defendant's intent to burglarize the premises regardless of the fact that nothing had been stolen. *State v. Lawrence,* 566 S.W.2d 243 (Mo.App. 1978); *State v. Arnold,* 534 S.W.2d 836 (Mo. App.1976); *State v. Smith,* 521 S.W.2d 38 (Mo.App.1975); *State v. Carson,* 501 S.W.2d 503 (Mo.App.1973). Here, the proof sustains the charge of burglary in the second degree. Therefore, as stated in *State v. Hernandez,* 462 S.W.2d 790, 791 (Mo.1971), ". . . the malicious destruction of property is not a lesser and included offense when the proof sustains the charge of burglary in the second degree." Hence, the trial court was not in error in refusing to instruct on malicious destruction of property.

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.