STATE of Missouri, Respondent,

v.

Kim L. MILLIGAN, Appellant.

No. WD 33615.

Missouri Court of Appeals, Western District.

Jan. 11, 1983.

James W. Fletcher, Public Defender, Anne Hall, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., Presiding, and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for burglary, second degree in violation of § 569.170, RSMo 1978. The judgment is affirmed.

The sole point presented herein charges that the trial court erred in its refusal to submit a jury instruction on first degree trespass (MAI–CR2d 23.40) because there was evidence to acquit appellant of a higher offense and convict him of the lesser offense of trespass.

There is no challenge to the sufficiency of the evidence, so a brief summary suffices. At approximately 9:12 p.m. on December 21, 1981, an officer of the Kansas City, Missouri Police Department received a call from the police dispatcher that an alarm had sounded in a building at 1901 Indiana, Kansas City, Missouri. The building housed the United Spinning Company which makes "metal spinnings". The owner testified that the building did not contain any monies, but did contain metal supplies, tools, "chucks" and "all kinds of hand tools." The worth of this inventory and equipment was placed at "about a quarter of a million" dollars. The owner testified that when he left the building at approximately 4:15 p.m. the afternoon of December 21, 1981, the windows were closed and locked, the doors were secured, and the burglar alarm was on. The day following the break-in, he observed a broken window. The window had been broken with a hammer. The owner observed "things" had been moved around inside the building. He stated that his "unishears" had been "dropped less than half way from where we leave it ..." Upon investigation, it appeared nothing was missing.

The officers arrived at the scene some five minutes after being dispatched. The officers began circling the building. One officer observed a broken window and in turn, saw appellant inside the building. The officer did not observe appellant handling any equipment or merchandise, but did observe him run to the rear of the building and out of the building. In running, appellant ran toward one of the officers and when one of the officers shined a flashlight on him, appellant ran in another direction. Appellant was apprehended and arrested outside the building. Another person was arrested inside the building.

Appellant offered no evidence. The evidence closed. The jury returned its verdict and assessed punishment at two years imprisonment. Judgment was entered in accordance with the verdict. This appeal followed the overruling of timely-filed after-trial motions.

Under his sole point, appellant contends that the trial court erred in refusing to submit an instruction on first degree trespass (MAI–CR2d 23.40). Appellant contends that first degree trespass is a lesser included offense of burglary, second degree, citing *State v. Davis,* 625 S.W.2d 903, 905 (Mo.App.1981); *State v. Neighbors,* 613

S.W.2d 143 (Mo.App.1980); *State v. Byrnes,* 619 S.W.2d 791, 793 (Mo.App.1981); *State v. Hill,* 614 S.W.2d 744, 749 (Mo.App.1981) and § 556.046.2, RSMo 1978.

Appellant does not challenge proof of his having been in the building, or proof that he entered the building knowingly and unlawfully. He argues that "it is not evident that appellant committed second degree burglary." He points out that the state bears the burden to prove that he "entered the building with an intent to commit a crime, namely stealing." It is this element that he contends the state failed to prove. He supports this position by pointing out that when he ran from the building and was apprehended, he had no property in his possession which belonged to the United Spinning Company. He further argues that "if he had intended to steal something, he had sufficient time to secret material from the company on or about his person." He further argues that "no material or machinery was laid outside the building" and "if appellant had intended to steal something, he had enough time to begin piling articles outside or inside the door to facilitate their being carried away." Under his third and final contention, appellant points out that only one item, the "unishear", had been moved and the evidence was insufficient to prove appellant had moved it. His argument further includes emphasis that nothing was missing.

The evidence upon the record does not support appellant's challenge. First, the record shows that appellant was surprised by the appearance of the officers. He ran from the building. The evidence reveals that items were or had been moved about inside the building and at least one item, the "unishear", had been dropped. The remainder of appellant's contention rests upon mere conjecture or conclusions by appellant. He argues that if he had intended to steal, he had sufficient time to pile up articles for removal, either inside or outside the building. There is no evidence to reveal how long appellant had been inside the building before he was apprehended. Appellant would urge this court to assume he was inside the building a sufficient amount of time to have "piled up" items for removal. From the record, it is just as reasonable to conclude that appellant had been inside the building an insufficient time to have "piled up" items for removal. As to his contention that there was no proof of his intent to steal because when apprehended, he was found to have nothing belonging to the United Spinning Company, from the evidence upon this record, the jury as the trier of fact could have believed that appellant discarded or dropped what, if anything, he might have had when the police arrived.

Appellant concedes that the existing authority that unlawful entry into a building where goods, merchandise, or items of value are located is sufficient to prove an intent to steal. *State v. Davis,* 574 S.W.2d 940, 941 (Mo.App.1978) and *State v. Lawrence,* 566 S.W.2d 243, 246–47 (Mo.App.1978). Appellant, however, argues that "in all of these cases, it was evident that the goods, items and merchandise in the building or home were things of value, desirable to one breaking in." Appellant then concludes that the items (described as to a value of $250,000) inside the building consisted of metal, tools, and equipment, and intimates how could anyone be attracted by such items. His argument is that the items (metal, tools, and equipment) were so vaguely described that they could not have encouraged anyone, including appellant, that there was something of value worth stealing inside.

In this later argument, appellant attempts to persuade this court that since there was no money and the burglarized building contained metal, tools, and equipment, this is proof that he did not unlawfully enter the building to steal. The intent to steal requisite to sustaining a conviction is determined from the evidence at the time the act is committed and is not disproven by the mere contention or disagreement of an accused as to the value of items or property located within a structure owned by another. In addition, the evidence revealed a collective value of the personal property inside the building of approximately $250,-000.

Appellant urges this court to adopt the ruling in the case of *State v. Davis,* 625 S.W.2d at 905, *supra.* While the court did rule, as noted above that ruling also included the proviso that the court need not instruct on the lesser offense of trespass "unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser included offense." *Davis* at 905. It should be noted further the fact that nothing was stolen or removed from the United Spinning Company premises does not disprove the act of burglary. In another case, *State v. Davis,* 574 S.W.2d 904, 941, *supra,* the court held, "[defendant's] uninvited presence within the building which had been broken into where goods, merchandise or items of value were kept is sufficient inference of defendant's intent to burglarize the premises *regardless of the fact that nothing had been stolen.*" (citations omitted, emphasis added)

In this *Davis* case, contention was made that a malicious destruction of property instruction should have been given. The court in *Davis* at 941 pointed out where the proof sustains the charge of burglary in the second degree, the malicious destruction instruction need not be given.

The instant case is squarely ruled by both of the above *Davis* cases.

Appellant's contention that the evidence was insufficient to prove his intent to commit an offense (to wit, stealing) in conjunction with his unlawful entry into the building as to warrant an instruction on trespass first degree is without merit. Appellant's alleged error is ruled against him.

The judgment is affirmed.

All concur.