**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terry A. NORTON,
Defendant-Appellant.**

**No. 47605.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1984.

John P. Zimmerman, Asst. Public Defender, St. Charles, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Defendant was charged by information with the offenses of burglary first degree, forcible sodomy, armed criminal action, forcible rape and stealing. A jury found him guilty of stealing but not guilty of all other charges.

Defendant does not question the sufficiency of the evidence so a brief statement of facts will suffice. The victim testified she was awakened when a man, later identified as defendant, got into her bed and raped and sodomized her at knifepoint. The police were called by the victim's daughter. When they arrived at the scene the victim escaped through a window. Subsequently, defendant escaped in the victim's automobile, which constituted the foundation for the stealing charge.

Defendant asserts two points on appeal, both of which relate to the voir dire examination of prospective jurors. The first concerns a question, repeated four times in slightly different form, by the prosecutor, which can be described by a single example:

> Does everyone agree that a defendant may plead not guilty to avoid the responsibility for a crime they have committed? Does everyone realize that people charged with very serious offenses, such as rape and sodomy and armed criminal action, usually plead not guilty?

Each time the question was asked defendant's attorney objected and, after a bench conference, the court sustained the objection but denied a request for a mistrial.

While counsel should be allowed reasonable latitude in the examination of prospective jurors, there are limits to the scope of permissible examination. *State v. Beatty*, 617 S.W.2d 87, 92 (Mo.App.1981). The nature, extent and propriety of questions addressed to veniremen are subjects within the discretionary control of the trial court and the exercise of such discretion will be disturbed on appeal only when a manifest abuse thereof is disclosed. *State v. Lumsden*, 589 S.W.2d 226, 229 (Mo. banc 1979). In addition, the party asserting such a manifest abuse of discretion has the burden of demonstrating a real probability that he was thereby prejudiced. *State v. Mudgett*, 531 S.W.2d 275, 280 (Mo. banc 1975); *State v. Hines*, 567 S.W.2d 740, 742–43 (Mo.App.1978).

As exemplified by the question set forth above, the entire series of questions relating to a not guilty plea constitut-

ing a means of escaping responsibility by guilty persons was improper. The questions constituted disparagement of the constitutionally protected presumption of innocence afforded to every accused person. "[A]ll defendants, regardless of guilt or innocence, are guaranteed a jury trial and are entitled to the benefit of the presumption of innocence." *State v. Reese*, 481 S.W.2d 497, 499 (Mo. banc 1972). Had defendant requested that the jury be admonished to disregard the questions or that the prosecutor be reprimanded for his persistent impropriety, such remedial relief would have been appropriate. However, after his objection was sustained, defendant's sole request was for the drastic remedy of a mistrial. "Whether remarks of counsel are so prejudicial as to necessitate a mistrial rests largely within the trial court's discretion, *State v. Hunter*, 499 S.W.2d 787, 788[3] (Mo.1973), and the appellate court will not interfere unless there has been an abuse of discretion which prejudices defendant." *State v. Healey*, 562 S.W.2d 118, 130 (Mo.App.1978). It is apparent that defendant suffered no prejudice by reason of the improper question on voir dire. He was acquitted of four of the five offenses charged and the evidence of his guilt of stealing the automobile was overwhelming. His defense, that the victim gave him the car keys so that he could escape from the police and then climbed out of a window completely nude, is incredible. Defendant's first point is denied.

Sometime before the trial began, the victim contacted defendant's mother and offered to drop the charges in return for $5,000.00. Anticipating evidence of this attempted extortion, the prosecutor asked the following question of prospective jurors:

> And is there anyone on the jury panel—does everyone on the jury panel agree, that a victim of a rape would prefer not to have to testify to the details of such a crime in a public trial?

Defendant's objection and request for a mistrial were overruled and the question was repeated five times. The question was improper and the court erred in overruling the objection. It was a subtle attempt to commit the jurors to overlook damaging evidence which the prosecutor knew would be forthcoming. It is well established that any attempt to commit prospective jurors to a particular course of future conduct is an abuse of the voir dire process. *State v. Reed*, 629 S.W.2d 424, 426 (Mo.App.1981). Moreover, when the question is phrased in such a manner that jurors feel obligated to react in a particular manner, prejudice may result. *State v. Abbott*, 654 S.W.2d 260, 274 (Mo.App.1983). Thus, even though the subject matter may be appropriate for voir dire interrogation, the manner of asking, the phrasing of the question, may render it improper. *State v. Garrett*, 627 S.W.2d 635, 642 (Mo. banc 1982). Any question requiring prospective jurors to "agree" with some proposition stands in danger of violating the proscription against seeking commitments during voir dire examination.

Nevertheless the situation does not warrant reversal. Only where there exists a "real probability of injury" to the complaining party will an appellate court disturb the trial court's discretionary control of voir dire examination. *State v. Betts*, 646 S.W.2d 94, 98 (Mo. banc 1983). Here, the improper questions related only to the sexual offenses and the jury found the defendant not guilty of those crimes. Obviously, he suffered no injury by reason of the impropriety.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.