**STATE of Missouri, (Respondent),**

v.

**Keith D. HAYES (Appellant).**

**No. WD 37350.**

Missouri Court of Appeals, Western District.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1986.

276

Sandra Davidson Scott, Columbia, for appellant.

Paul Larose, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

CLARK, Chief Judge.

Keith D. Hayes, charged as a persistent offender, was convicted of burglary, second degree, and was sentenced to a term of fifteen years. On this appeal he advances five points of error, three of which challenge the composition of the jury panel. The fourth point alleges error associated with the prosecutor's closing jury argument and the final point contends that the evidence was insufficient to support submission of the case to the jury.

Addressing the last point first, we commence by summarizing the evidence under the familiar precept that all evidence and inferences which tend to support the verdict are accepted as true and all evidence and inferences to the contrary are disregarded. *State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983). So stated, the evidence entitled the jury to find that on January 3, 1984, two men were observed breaking the rear door to enter a residence. Responding to a call placed by neighbors, the police discovered forced entry to the premises, the house ransacked and a number of items missing. One of the police officers saw appellant and another black man near the scene and when he approached them to inquire about their presence in the neighborhood, each ran in a different direction. The appellant was chased by the police and caught after pursuit through several yards and an alley. Along the route of appellant's attempted escape, several items identified as having been taken in the burglary were recovered.

Appellant contends that the evidence against him was circumstantial, that no witness identified him as being one of the two seen entering the burglarized home and that no stolen goods were found on his person. He therefore says that the evidence did not show guilt beyond a reasonable doubt and his motion for acquittal should have been granted.

All of the elements of second degree burglary may be proved by circumstantial evidence. *State v. Miller*, 692 S.W.2d 339, 340 (Mo.App.1985). Proof of conduct before, during or after the offense are circumstances from which one's participation in the offense may be implied. Although isolated facts viewed individually may not support more than a suspicion of guilt, a conviction may rest upon accumulated, interdependent facts, no one of which alone may create more than a suspicion of guilt. *State v. Jackson*, 519 S.W.2d 551, 557 (Mo.App.1975). Whether from the scene or elsewhere, unexplained flight is relevant and admissible as indicating consciousness of guilt if the purpose of the flight is to avoid arrest or prosecution. *State v. Scott*, 687 S.W.2d 592 (Mo.App. 1985).

In this case, the evidence established that appellant was present in the vicinity of the burglary and that he fled from the police when they attempted to question him. Along the route of his attempted escape, articles taken in the burglary were discarded. Although no witness identified appellant as one of the two observed making a forced entry into the burglarized premises, he did conform to the general description given the police by the witnesses. Taken together, these facts were sufficient, if believed by the jury, to support the verdict. It is correct, as appellant notes, that he explained his flight as the consequence of his fear of arrest for an unpaid speeding ticket. That explanation of course presented an issue for the jury. By their verdict, it is apparent the jury did not believe the explanation but instead found that appellant fled in an attempt to avoid arrest for the burglary.

In appellant's fourth point, he argues that a new trial should have been granted because in the prosecutor's closing argument he commented on his own belief regarding the accuracy of the testimony of a police officer witness whose statement as to where he was located when a radio call was transmitted conflicted with the testimony of another officer. Appellant says the improper comment was critical because the testimony discounted in closing argument was supportive of appellant's innocence.

■ The record reflects that appellant raised no objection to the argument at trial. The point is first presented in the motion for new trial. Such error as there may have been is therefore not preserved for appellate review. *State v. Fanning,* 647 S.W.2d 177 (Mo.App.1983). A party cannot fail to request relief, gamble on the verdict, and then if adverse request relief for the first time. *State v. Dickerson,* 646 S.W.2d 884 (Mo.App.1983). Despite the failure to preserve the point, however, we have examined the contention under the doctrine of plain error, Rule 30.20. We conclude that there was none. Even if improper, the complained of argument could not be contended to have had a decisive effect on the jury's decision. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

■ The associated points related to the composition of the jury panel contend that the jury selection process in Buchanan County is unconstitutional because the array excludes a distinctive group in the community. According to the brief, the jury selection process in Buchanan County is accomplished by use of voter registration lists. Appellant asserts constitutional infirmity because of the exclusion of those members of the community who do not register as voters.

The record in the case presents no opportunity to affirm or deny appellant's factual assertion as to the method for selecting jurors in Buchanan County. There is no indication that appellant raised any question about the jury selection process before or during trial and he adduced no evidence whatever from which it may now be presumed that jury lists in Buchanan County systematically exclude from service persons who are not registered to vote. Appellant simply makes the statement in his brief and proceeds on the assumption that the fact is thereby established.

■ The charge that a jury is unconstitutionally structured is not self-proving. In order to establish a factual basis for the claim, the defendant must produce evidence to show that underrepresentation of a distinctive community group is the product of systematic exclusion in the jury selection process. *State v. Harris,* 670 S.W.2d 73, 80 (Mo.App.1984); *State v. Cutts,* 694 S.W.2d 804, 807 (Mo.App.1985). Defendant here presented no evidence whatever to show how jury venires are produced in Buchanan County or what proportion of the population otherwise eligible to serve as jurors are not called because they are not registered to vote. There is no evidence, therefore, of any systematic exclusion of a distinctive community group. The essential basis for the theoretical claim of error is not now and never was proved.

■ In the circumstances, appellant contends the court should have, sua sponte, quashed the jury panel. Apparently this claim is made on the ground that the trial judge himself knew how juries were selected in Buchanan County. Even were it to be assumed, contrary to the rule expressed in *State v. Harris, supra,* and *State v. Cutts, supra,* that appellant had no obligation to prove the facts upon which his jury challenge was made, the point yet states no ground for relief cognizable here or in the trial court. Unregistered voters are not a distinctive group in the community and a lack of representation of such persons on juries does not deny the accused his Sixth Amendment right to a representative jury panel. The issue has been so ruled with such frequency, approving the extraction of jury lists from records of registered voters, that it is not arguable. *State v. Bynum,* 680 S.W.2d 156 (Mo. banc 1984); *State v. Tatum,* 656 S.W.2d 305 (Mo.App.1983); *State v. Parker,* 462 S.W.2d 737 (Mo.1971); *United States v. Clifford,* 640 F.2d 150 (8th Cir.1981).

The judgment is affirmed.

All concur.