STATE of Missouri, Respondent,

v.

Michael David JENKINS, Appellant.

No. 52575.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Denise Jewel Watson–Wesley, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Defendant, Michael David Jenkins, was found guilty by jury of burglary in the second degree, Section 569.170 RSMo 1986. Defendant, a persistent offender, received a sentence of fifteen years in prison. He appeals on three grounds. We affirm.

■ Defendant first challenges the sufficiency of the evidence. He claims the state failed to prove intent to steal and argues his fingerprints found on the outside of a kitchen window do not establish intent to commit a crime. In assessing the sufficiency of the evidence, we must accept as true all evidence and inferences tending to support the verdict and disregard all evidence and inferences to the contrary. Our inquiry is limited to whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Bailey,* 651 S.W.2d 599, 601 (Mo. App.1983).

The state's evidence at trial established the following sequence of events. On July 9, 1986 Ruth Wieder left her home at 8:20 a.m. to go to work. Before pulling out of her driveway Ruth saw defendant in an alley next to her home. They said "good morning" to each other, and Ms. Wieder saw defendant going up the steps of a house down at the end of her block. She returned home around 5:45 p.m.

Wieder discovered that someone had broken into her enclosed porch which is attached to the kitchen side of her home. The police arrived and took fingerprints from a window which is located inside the porch and opens into the kitchen. The prints were identified as defendant's. The police found a cut in the screen porch door next to the lock. Ruth testified that when she left for work that morning the porch door was locked and undamaged. Wieder stated on cross-examination that she always kept a two-by-two board and a metal glider against the inside of her porch door to prevent entry and that these were moved. She also testified that flower pots normally on the kitchen windowsill had been moved onto the glider. Wieder testified she had certificates of deposit and other securities and tax data on the porch as well as other items of value in the porch and the kitchen. The defense offered no evidence. A motion for acquittal at the close of the state's evidence was overruled.

■ The elements of burglary second degree may be proved by circumstantial evidence. *State v. Hayes,* 713 S.W.2d 275, 277 (Mo.App.1986). Proof of conduct before, during or after the offense are circumstances from which one's participation in the offense may be inferred. *Id.* A conviction may rest upon a collection of related facts, no one of which alone is sufficient to support a conviction. *Id.* In a case involving circumstantial evidence, the circumstances need not be absolutely conclusive of guilt nor demonstrate the impossibility of innocence. *State v. Thomas,* 452 S.W.2d 160, 162 (Mo.1970).

■ Here defendant was seen in the neighborhood by the victim the morning of the crime. When she returned home, Wieder discovered her screen porch door had been cut and opened. Defendant's fingerprints were on the outside of the window which opens from her porch into her kitchen. The window was not accessible except to one inside the screened porch. Flower pots which had been on the windowsill were moved. Unlawful entry into a building containing items of value is sufficient to demonstrate intent to steal and to support a burglary charge and conviction regardless of the fact that nothing was stolen. *State v. McBurnett,* 694 S.W.2d 769, 773 (Mo.App.1985); *State v. Davis,* 574 S.W.2d 940, 941 (Mo.App.1978).

Police testimony established that the fingerprints removed from the interior window were those of the defendant. Fingerprints found at the scene of a crime under such circumstances that they could have been made only at the time the crime was committed and which match those of the accused are sufficient proof of identity to sustain a conviction. *State v. Thomas,* 452 S.W.2d at 163. Evidence of forcible entry coupled with defendant's presence inside

the building is sufficient to support a charge of burglary. *State v. McGee*, 592 S.W.2d 886, 887 (Mo.App.1980).

In a prosecution for burglary second degree, evidence that (1) defendant was seen near the crime scene; (2) the screen door to an enclosed porch was cut open; (3) a wooden prop to prevent entry was moved; and, (4) defendant's fingerprints were found on a window inside the porch where items of value were kept is sufficient to sustain a conviction. Defendant's sufficiency complaint is denied.

■ Defendant's second contention is the trial court erred in refusing a tendered instruction submitting the lesser included offense of first degree trespass, Section 569.140.3 RSMo 1986. Defendant has not preserved this point for appellate review because his motion for new trial does not present facts and evidence which warrant the giving of the trespass instruction. *State v. Couvion*, 655 S.W.2d 80, 83 (Mo. App.1983).

■ In any event defendant was not entitled to a first degree trespass instruction under the evidence presented at trial. Evidence of defendant's intent to commit a crime once inside Wieder's residence is strong although circumstantial. The screen door was cut. A board was moved. The plants which filled the windowsill between the porch and the kitchen were moved and defendant's fingerprints were on the windowpane. The fact that nothing was stolen from the porch or kitchen does not disprove the act of unlawful entry with intent to steal. *State v. Milligan*, 645 S.W.2d 379, 382 (Mo.App.1983). Defendant did not testify nor offer any other evidence on his own behalf. Hence, there was no evidence to contradict the reasonable inference that defendant entered Wieder's residence solely for the purpose of committing a crime, stealing, which is an essential element of the charged crime. There is nothing to demonstrate a lack of an element of the charged crime; therefore, there was no basis for the court to instruct on first degree trespass. *See, State v. Neighbors*, 613 S.W.2d 143, 148 (Mo.App.1980); *State v. Davis*, 625 S.W.2d 903, 905–906 (Mo.App.

1981); *State v. Milligan*, 645 S.W.2d at 382.

■ First-degree trespass is a lesser included offense of burglary in the second degree. *State v. Portwood*, 694 S.W.2d 831, 832 (Mo.App.1985). However, it is error to fail to submit a requested lesser included offense instruction only if that offense is supported by the evidence. *State v. Neighbors*, 613 S.W.2d at 148. "When the state has shown an intent to 'steal' and there is no ambiguity in the defendant's purpose for being in the building, there is no basis for an instruction on first-degree trespass." *Portwood*, 694 S.W.2d at 832. We find there was no evidence of probative value to form a basis for conviction of the lesser included crime. *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982).

■ Defendant's final point on appeal alleges abuse of discretion by the trial court in allowing the prosecutor to make certain remarks during voir dire examination. The exact sequence of questions was:

PROSECUTOR: ... Thank you. Okay it gets better. The State of Missouri has no eyewitnesses for this case. The allegation is that the screen door was cut on the back porch, a hand reached in, the screen door was opened, and the attempt was made to open a second door.

DEFENSE COUNSEL: Your Honor, I object, Counsel is going too far into opening statement, into the evidence.

THE COURT: I don't think so, in light of this case. I think he's all right so far, it's overruled.

PROSECUTOR: The State's allegation is after entering the first door[,] an unsuccessful attempt was made to enter a second door. Now, let's deal with the first of maybe three issues that we can see from this. The first issue being that what we're dealing with is the defendant['s] entering a locked back porch, a porch that is connected the house, [sic] it is completely enclosed[,] but it is considered to be a back porch. Does the fact that the back porch was entered as

opposed to the kitchen [sic] cause anyone on the back row a problem?

\* \* \* \* \* \*

VENIREPERSON: I just feel that I wouldn't want anybody cutting my porch screen, [sic] it would frighten me.

PROSECUTOR: So your problem—am I correct in assuming then that your problem does not go to whether or not this can be legally considered a burglary, your problem is how you would feel about this?

VENIREPERSON: That's basically it.

DEFENSE COUNSEL: Your Honor, I'm sorry, I must object. Counsel is going too far into the evidence and is asking for a committment [sic] from the jurors.

THE COURT: Well, I think he's all right. I think the nature of the case owuld [sic] alsmost [sic] permit this, [sic] it's overruled.

Defendant argues that these questions committed the jury panel to a verdict.

The nature, extent and propriety of questions addressed to venirepersons are subjects within the discretionary control of the trial court. *State v. Norton*, 681 S.W.2d 497, 498 (Mo.App.1984). The exercise of such discretion will not be disturbed on appeal unless a manifest abuse is disclosed. *Id.* Only where there is a real probability of injury to defendant will an appellate court disturb the trial court's discretionary control of voir dire examination. *State v. Betts*, 646 S.W.2d 94, 98 (Mo. banc 1983).

The objections are well taken. The prosecutor recited detailed facts and postured his questions in a manner tending to commit prospective jurors to a position which was a matter of law. The objection was not made on the basis that the questions related only to a matter of law. The prosecutor apparently intended to learn whether the venire could view an attached, enclosed porch as the scene of a burglary. This is not the proper purpose of voir dire. The prosecutor could have asked the venire if it considered a closed and secured porch part of a dwelling house. Only in the event of a negative answer would it have been necessary for the prosecutor to ask the further question of whether the venire could follow the judge's instructions on burglary and its elements of unlawful entry and intent to commit a crime. In this manner, or a similar manner, the prosecutor may learn the views of prospective jurors on such issues without resort to detailed facts and without requesting a commitment that breaking into a porch is sufficient. Clearly, a question relating to "whether or not this can legally be considered a burglary" was improper and the court erred in overruling objections. However, we reverse for prejudice, not error. *State v. Webster*, 659 S.W.2d 286, 289 (Mo.App.1983).

On this issue we find no prejudice to defendant resulted. The challenged inquiry relates to a question of law, not fact. As a matter of law a secured porch may be a part of a dwelling. The only commitment, if a commitment was obtained, by the venire was to accept the idea that an unlawful entry into Wieder's porch constituted an unlawful entry into her dwelling. The jury's province is to determine or decide disputed facts, not matters of law. The fact issues were whether defendant broke into the porch with the intent to steal and these issues are independent of any commitment on the matter of law. The jury was not required to make a finding of fact on whether entry into a secured porch was sufficient. The ruling was erroneous, but not prejudicial on the facts and the whole record. The evidence in this case indicated that there were valuable items of property stored on the porch which was entered. The manner of inquiry was unnecessary and should be avoided in order to protect guilty verdicts from a similar complaint where the facts are different and demonstrated prejudice occurs.

We affirm.

SMITH and KELLY, JJ., concur.