STATE of Missouri, Respondent,

v.

Lee Anthony WHEELER, Appellant.

Nos. 54204, 55958.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 6, 1989.

Application to Transfer Denied
Dec. 12, 1990.

Daniel Lee Sayle, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This case is a consolidated appeal under Rule 29.15(e) of appellant's direct appeal of his conviction for tampering in the first degree under § 569.080.1(2), RSMo 1986 and his appeal from the dismissal of his Rule 29.15 motion without an evidentiary hearing. Appellant was sentenced as a persistent offender to eight years in prison. We affirm.

Appellant cites a total of three points of error, the first challenging the sufficiency of the evidence upon which he was convicted, the second claiming error in the trial court's refusal of the proffered circumstantial evidence instruction MAI–CR3d 310.02, and the third protesting the denial of an evidentiary hearing on appellant's 29.15 motion.

On appeal, the state is entitled to have the evidence considered in the light most favorable to the verdict and to be afforded all reasonable inferences from the evidence. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987).

On May 18, 1985, at approximately 12:30 a.m., Officer Black of the Pine Lawn Police Department received a radio call telling him that an anonymous phone-caller had reported a tampering in progress on a dark blue auto. Black arrived at the scene in less than one minute. As he turned the corner he saw a blue car with a white car parked behind it. Appellant was standing between the blue and white vehicles. As Black approached, appellant and his co-defendant began walking toward the white car. Appellant entered the passenger side as the co-defendant entered the driver's side. Officer Black ordered them both out of the car. Appellant, when asked for identification, claimed he had none and gave a name and birth date which he later admitted were false. Officer Black arrested both men and began an examination of the area. At the approximate location where Officer Black had first seen appellant he found a tire jack and work gloves. The blue car was missing three white-wall tires. At each empty wheel Black found lug nuts. No one was on the street except defendants. When the trunk of the white vehicle was opened police found three white-wall tires.

At trial the owner of the blue car testified that he had not given anyone permission to use or remove the tires or wheels and Officer Black testified about the events on the night of the arrest. After these witnesses the state rested its case. The defense then also rested and offered a motion of acquittal which the trial court denied. The jury convicted appellant of first degree tampering.

Appellant contends that the evidence upon which he was convicted was insufficient and that his motion for acquittal should have been sustained. In testing the sufficiency of the evidence, review is limited to whether a submissible case was presented to the jury. *State v. Gobble*, 675 S.W.2d 944, 946 (Mo.App.1984).

■ While appellant is correct in his assertion that mere presence at a crime scene is insufficient to prove guilt, the facts of this case are strikingly dissimilar from those in *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965), upon which appellant relies. In *Castaldi*, only two pieces of circumstantial evidence linked Castaldi to the crime: his presence and the fact that he accepted a ride away from the rural crime scene with a co-defendant.

■ By contrast, appellant's proximity to the crime scene when coupled with the additional circumstances noted earlier and

with his own actions suggest inferences sufficient to a finding of guilt. While each fact, taken separately, may seem innocuous, a conviction may rest upon accumulated, interdependent facts. *State v. Hayes*, 713 S.W.2d 275, 277 (Mo.App.1986). Moreover, appellant's behavior before, after or during the offense are circumstances from which his participation may be implied. *Id.* Taken together, the facts and the logical inferences of those facts were sufficient, if believed by the jury, to support the verdict. Point denied.

■ In his second point appellant asserts prejudicial error in the refusal of the trial court to submit the circumstantial evidence instruction, MAI–CR3d 310.02. While appellant correctly asserts that this instruction is required when all evidence is circumstantial, *State v. Lasley*, 583 S.W.2d 511, 516 (Mo. banc 1979), such instruction is not required if any direct evidence of guilt is presented, *State v. Griffin*, 662 S.W.2d 854, 857 (Mo. banc 1983).

■ Appellant in the case at bar has based his assertion that all of the evidence was circumstantial upon straightforward definitions of direct and circumstantial evidence. *See State v. Regazzi*, 379 S.W.2d 575, 578 (Mo.1964), and *State v. Cox*, 352 S.W.2d 665, 670 (Mo.1962). But appellant has overlooked a substantial exception to these simple definitions. It is well settled that admissions are direct evidence and "eliminate the need for the circumstantial evidence instruction." *State v. Bannister*, 680 S.W.2d 141, 148 (Mo. banc 1984). A statement does not need to be a direct admission of guilt to qualify as an admission. The definition of admission is flexible enough to adapt to the specifics of each case. *Id.* The basic requirement is that the statement manifests a "consciousness of guilt." *State v. Simmons*, 737 S.W.2d 488, 490 (Mo.App.1987). Clearly, appellant's attempt to mislead police by furnishing a false name and birth date suggests "a consciousness of guilt by reason of a desire to conceal the offense or [his] role therein." *State v. Leach*, 752 S.W.2d 395, 396 (Mo.App.1988). Since admissions are direct evidence, as noted earlier, the re-

quirement for the circumstantial evidence instruction was not required. Thus, we find no error in the refusal of the trial court to give the instruction. Point denied.

■ We turn next to an examination of appellant's Rule 29.15 motion in which he asserts error by the motion court in denying an evidentiary hearing. Appellant argues trial counsel's failure to object to improper statements made by the prosecutor during closing argument confused the jury and prejudiced appellant's defense.

Placed in context the statement is as follows:

> Now, I don't have to prove to you that he's guilty <u>beyond every reasonable doubt, just a reasonable doubt.</u> There is no reasonable doubt, none whatsoever. If you can come up with some concocted theory of really what happened, that these two guys came on the scene, somebody else sped away, and somebody else put the tires in their trunk, or some other type of situation that could have happened, that's purely speculation. That's not what the evidence indicated, and that's not reasonable.
>
> I have to prove him guilty beyond a reasonable doubt, and I've done that. I think I've done more than that, but you decide.

(Disputed statement underlined.)

Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. The motion court's judgment is clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Pirtle v. State*, 752 S.W.2d 376, 378 (Mo.App.1988). To prevail appellant must prove both that his counsel's performance was deficient and that he was prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 677, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). Appellant has failed to satisfy either condition. First, the record shows that reasonable doubt and its definition were discussed by the court, the defense and the prosecution. In addition, the last

sentence of the prosecutor's statement (quoted above) correctly stated the legal requirement that the state must prove the defendant guilty beyond a reasonable doubt. Given this extensive discourse clarifying the correct legal standard defense counsel's failure to object to one phrase uttered by the prosecutor does not fall outside the "range of professionally competent assistance" under which counsel's performance must be measured. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066.

Even were we to assume that counsel's failure to object did constitute inadequate representation, the statement complained of does not rise to the level required for prejudice. The argument must be "so egregious as to substantially deprive [appellant] of his right to a fair trial, [or] undermine the proper functioning of the adversary process to the degree that movant's trial cannot be relied on as having produced a just result." *Tygart v. State*, 741 S.W.2d 830, 834 (Mo.App.1987). We find the determinations of the motion court on this point were not clearly erroneous. Judgment affirmed.

SIMON and HAMILTON, JJ., concur.