STATE of Missouri, Respondent,

v.

Violet Virginia CHAPMAN, Appellant.

Violet Virginia CHAPMAN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61374, 65073.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

16

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal. Defendant first appeals her conviction for felony stealing in violation of § 570.030, RSMo Supp. 1993. She also appeals the denial of her Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm.

On May 10, 1989, Defendant and an acquaintance, Benny Hill, left their residences in St. Louis to visit a friend of Hill who lived in Perryville, Missouri. Upon discovering Hill's friend was not at home, Defendant and Hill drove to Cape Girardeau. At approximately 4 p.m., Hill and Defendant went to the local Wal–Mart in Cape Girardeau. Hill went inside the store, while Defendant waited in the car. While Hill was in the store, a store employee observed him take a hose reel box, remove the hose reel, and place inside the hose reel box a videocassette recorder (VCR). Hill then left the store.

The store employee told the manager what had occurred. The manager became concerned, because in his experience this was a type of shoplifting in which one person would enter the store and conceal merchandise in a cheaper box, then a second person would come in and buy the cheaper box with the other item inside it. Therefore, the manager placed a black dot on the hose reel box. The manager then called the Cape Girardeau Police Department, and Officer Kenton Martin came out to the store.

Hill testified at trial he did conceal the VCR in the box. He also testified he then returned to the car, where he told Defendant: "It's in the garden department and it's like the third box on the end, you know, there's only three or four of them in the store." He also told her to purchase the hose reel box and bring it out of the store. Hill stated he did not specifically tell her there was a VCR in the hose reel box.

About 5 p.m., Defendant entered Wal–Mart. She went to the lawn and garden center and obtained the hose reel box containing the VCR. She took the box and a few other miscellaneous items to the checkout, where she purchased them. The VCR was valued at $288. The hose reel sold for $19.96. Defendant took the VCR to the car, where Hill placed it in the trunk.

At this time, Officer Martin approached Defendant and Hill, identified himself, and explained he was investigating a stealing incident. Hill consented to a search of the car, which revealed the hose reel box containing the concealed VCR. Defendant was arrested and charged with one count of felony stealing. After trial, a jury convicted her. The trial court sentenced Defendant to two years' imprisonment in the Missouri Department of Corrections.

■ In Point I, Defendant challenges the sufficiency of the evidence to convict her of felony stealing over $150. In reviewing a challenge to the sufficiency of the evidence, our review is limited to determining whether sufficient evidence exists within the record from which a reasonable juror might have found Defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989); *See also, State v. Grim*, 854 S.W.2d 403, 403, 405[1] (Mo. banc 1993). We look to each element of the crime in turn and examine the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence. *Grim*, 854 S.W.2d at 411[4, 5]. Furthermore, our function is not to weigh the evidence but only to determine its sufficiency. *State v. Weide*, 812 S.W.2d 866, 869 (Mo.App.1991).

■ The elements of stealing are: (1) an appropriation; (2) of property or services; (3) of another; (4) with the purpose to deprive the other thereof; and (5) accomplished either without the owner's consent or by deceit or coercion. § 570.030.1, RSMo Supp. 1993; *State v. Reed*, 815 S.W.2d 474, 476[2] (Mo.App.1991).

■ Defendant contends insufficient evidence was presented to show she had the purpose to deprive Wal–Mart of the VCR. Defendant asserts "[t]he record is devoid of

evidence that [Defendant] was aware that Hill had placed the VCR in the box that she ultimately purchased."

■ Direct proof of a required mental state is rarely available, and the mental state may be proven by inferences from circumstantial evidence. *State v. Swederska*, 802 S.W.2d 183, 187 (Mo.App.1991); *State v. Allen*, 800 S.W.2d 82, 85[2] (Mo.App.1990). Here, her companion Hill placed the VCR in the hose reel box, while she waited in the car. The two of them then visited the Wal–Mart a second time one hour later. Hill testified he explained to her exactly which hose reel box to buy. Defendant went into the store and purchased the exact hose reel box Hill identified. A store manager testified this is a typical pattern of shoplifting. Sufficient evidence exists in the record from which a reasonable juror could infer Defendant acted with purpose to deprive Wal–Mart of the VCR. Point denied.

■ In Point II, Defendant argues the trial court erred in admitting evidence of her subsequent arrest for failure to appear at pretrial matters because the evidence was irrelevant.

■ Evidence of flight, whether from the scene of the crime or elsewhere, is admissible to show Defendant's consciousness of guilt. *State v. Brown*, 735 S.W.2d 152, 153[1] (Mo.App.1987); *State v. Hayes*, 713 S.W.2d 275, 277[4] (Mo.App.1986). This evidence of flight may include an escape from jail or failure to appear which occurs subsequent to Defendant's initial arrest. *See, State v. Sprous*, 639 S.W.2d 576, 578[3] (Mo. banc 1982) (jail escape); *State v. Cotton*, 621 S.W.2d 296, 300[8] (Mo.App.1981) (failure to appear). Defendant's explanation for the flight goes only to the weight of the evidence and not its admissibility. *Hayes*, 713 S.W.2d at 277; *Cotton*, 621 S.W.2d at 300. Further, the evidence of flight was admissible even though it incidentally showed other crimes committed by Defendant. *See, State v. Scott*, 687 S.W.2d 592, 593 (Mo.App.1985). Point denied.

Finally, Defendant disputes the motion court's denial of her Rule 29.15 motion without an evidentiary hearing, specifically her claim of ineffective assistance of counsel. Defendant's *pro se* and amended motions alleged she had been denied effective assistance of counsel because her trial counsel failed to call as witnesses Kathy Howard Reed and Dr. Drover. Defendant alleged Kathy Howard Reed could have testified that Benny Hill told her that Defendant had no knowledge of his scheme to steal the VCR from Wal–Mart, and Defendant did not knowingly participate in the stealing. Defendant further contended Dr. Drover could have testified Defendant was suffering from a bladder infection at the time of the alleged crime, and frequent urination is a symptom of bladder infections. She argues this evidence would have corroborated her testimony that she had not entered Wal–Mart the first time with Benny Hill because she had to urinate.

■ To be entitled to an evidentiary hearing, Defendant must have pleaded facts warranting relief if true; the allegations must not be refuted by the record; and the matters complained of must prejudice Defendant. *Thurlo v. State*, 841 S.W.2d 770, 771[2] (Mo.App.1992); *State v. Jennings*, 815 S.W.2d 434, 448–49[30] (Mo.App.1991).

■ To prevail on a claim of ineffective assistance of counsel, Defendant must show her counsel's performance was deficient and the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674 (1984). To show prejudice, Defendant must show a reasonable probability that, but for counsel's errors, the jury would have had a reasonable doubt respecting her guilt for the offense charged. *State v. McElroy*, 838 S.W.2d 43, 48[12] (Mo.App.1992).

■ In denying Defendant's claim, the motion court found Defendant was not prejudiced by any failure by counsel, because she had failed to show either testimony would have provided her with a viable defense. We find no clear error in this finding. Rule 29.15(j).

■ First, Reed's testimony regarding Hill's comments to her certainly would have been disallowed as hearsay, out-of-court

statements offered for the truth of the matter asserted. Defendant argues the testimony would have fallen within an exception to the hearsay rule as a declaration against Hill's penal interests. Generally, declarations against penal interest by a third party are not admissible as an exception to the hearsay rule in criminal proceedings. *State v. Starks*, 820 S.W.2d 527, 531 (Mo.App.1991). Such declarations are *never* admissible unless the declarant is unavailable to testify as a witness. *State v. Dayringer*, 755 S.W.2d 698, 702[4] (Mo.App.1988); *State v. Romesburg*, 703 S.W.2d 562, 564 (Mo.App.1985). Here, the declarant, Benny Hill, was not only available, *he testified at trial*. Further, he did not invoke his Fifth Amendment privilege. Hill was clearly available, and Reed's testimony about his hearsay statements would not have been admissible. *See, State v. Brooks*, 693 S.W.2d 211, 212 (Mo.App. 1985).

Regarding Dr. Drover's alleged testimony, Defendant has clearly failed to show his or her testimony would have provided her with a viable defense. *See, State v. Henderson*, 826 S.W.2d 371, 378[21] (Mo.App.1992) (witness's testimony must provide viable defense to crime charged); *Harry v. State*, 800 S.W.2d 111, 115[11] (Mo.App.1990). Dr. Drover's testimony about Defendant's bladder condition would not have provided Defendant with a viable defense to the charge of stealing. Further, Defendant's reasons for staying in the car in the initial visit are irrelevant to her subsequent conduct over one hour later. Only the subsequent conduct serves as the basis for the charge of stealing.

Failing to perceive any prejudice to Defendant, we find no clear error in the motion court's denial of her Rule 29.15 motion. Point denied.

Judgment of conviction and sentence affirmed; order denying Rule 29.15 motion affirmed.

CRANDALL, P.J., and REINHARD, J., concur.