

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38544 |
| | ) | |
| v. | ) | **Filed:** June 23, 2025 |
| | ) | |
| ALBERT JAY WRIGHT, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Judge

## **AFFIRMED**

### Introduction

Following a jury trial, Albert Jay Wright was found guilty of the class E felony of

attempted stealing under section 570.030 and section 562.012.3.[1] On appeal, Wright

claims there was insufficient evidence to establish beyond a reasonable doubt that his

---

[1] All statutory references are to RSMo (2016) as amended through (2022).

Section 570.030 defines the offense of stealing.

Section 562.012.3 states:

> [u]nless otherwise set forth in the statute creating the offense, when guilt for a felony or misdemeanor is based upon an attempt to commit that offense, the felony or misdemeanor shall be classified one step lower than the class provided for the felony or misdemeanor in the statute creating the offense.

intent was to take money "from the person of the victim" because Victim was only wearing a t-shirt and her underwear and because Wright asked Victim where her money was located. Wright argues the State failed to establish Wright's specific intent to take money from Victim's person "because no reasonable person would have believed [Victim] had any money on her since she was in her underwear and t-shirt." This Court finds no merit in Wright's argument and concludes the evidence was sufficient for a reasonable juror to determine Wright took a substantial step towards taking money from Victim's person. We affirm the trial court's judgment.

## Factual and Procedural History

Wright entered Victim's home on the morning of November 10, 2022, through an open back door. Victim was sitting on her bed, wearing only a t-shirt and underwear, and looked up from her computer to see Wright standing there. Victim did not know Wright. Wright told Victim, "Give me your f*****g money, b***h." Victim replied, "Okay, okay[,]" and got up. He repeated his demand for Victim's money and then said, "If you don't give me $200 or more, I will f*****g shoot you and kill you[,]" gesturing toward his pocket. Wright also threatened to stab and beat Victim several times during the encounter.

Eventually Wright told Victim, "Get down on the floor. G*****n it, get down on the floor and give me some money." At that point, Victim said, "I'm trying to get to my money." Wright responded, "I will get it myself. Where is it?" Victim then said, "I don't even know where my billfold is. I've got to go find it myself." Victim refused to get down on the floor, but she told Wright she would "try to get you some money." Victim testified that she, fearing for her life, startled Wright by

2

mimick[ing] back [Wright's] language and his stance, and I just progressed
back to the back door. And so, I just yelled at him. I just looked at him,
and I said, "Get the f**k out of my house and off my g*****n property.
D**n it. Right now." And he looked at me, and he blinked. And then he
flipped over a laundry basket and ran out the door.

As soon as Wright got down the steps, Victim dialed 911 to report the incident.

There was surveillance footage taken of the incident from Victim's personal home camera. This footage shows Wright entering the home with no head covering, and later exiting with a shawl belonging to Victim over his head. Wright was subsequently apprehended and during his interview with a detective, Wright admitted to entering the home. He was shown the surveillance footage and stated "that's me" multiple times. It is not disputed that the man entering and exiting Victim's home in the video was Wright.

Wright was charged with the class B felony of attempted robbery in the first degree. The charge also stated Wright was a prior and persistent offender under sections 558.016 and 557.036.4(2).[2] The trial court found during pre-trial proceedings Wright was a prior and persistent offender.[3] The jury found Wright guilty of attempted stealing under the jury instruction proffered by Wright which contained the elements of a class D

---

[2] Section 558.016 defines a prior offender and a persistent offender. Section 558.016.7 states:

> The court shall sentence a person, who has been found to be a persistent
> offender or a dangerous offender, and is found guilty of a class B, C, D, or E
> felony to the authorized term of imprisonment for the offense that is one class
> higher than the offense for which the person is found guilty.

Section 557.036.4(2) states the court, and not the jury, shall assess punishment if the state pleads and proves the defendant is a prior offender, persistent offender, dangerous offender or a persistent misdemeanor offender as defined in section 558.016. Section 557.036.6(1) states the court shall proceed as outlined in section 558.016 if the defendant has been found to be a prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender.

[3] Wright had spent 25 years in prison and was referred to as a "career criminal" by the trial court. Wright is also a registered sex offender and his previous sex offense was factually similar to the instant case in that he demanded money from the victim and was "extremely aggressive." He had a total of 11 felony offenses listed in the sentencing assessment report.

felony under section 570.030.5(2). This conviction was a class E felony because it was an *attempt* to commit an offense as set forth in section 562.012.3. At sentencing, the trial court sentenced Wright to seven years in the Department of Corrections for the class E felony of attempted stealing, which had been enhanced to the sentencing range for a class D felony as a result of his prior and persistent status as required by section 558.016.7.

This appeal followed. In his sole point relied on, Wright claims the evidence was insufficient to demonstrate that his intent was to take money from Victim's person.

## Standard of Review and Applicable Law

Wright's sole point on appeal challenges the sufficiency of the evidence supporting his conviction. "Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016).

> To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences.

*State v. Clark*, 490 S.W.3d 704, 707 (Mo. banc 2016) (quoting *State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015)). "[F]acts and appropriate inferences intelligently drawn therefrom must be assessed in a light most favorable to the verdict and all adverse inferences and evidence disregarded. Review is limited to whether a submissible case was presented to the jury." *State v. Gobble*, 675 S.W.2d 944, 946 (Mo. App. E.D. 1984). The evidence is viewed in the light most favorable to the verdict. *State v. Devalkenaere*, 684 S.W.3d 1, 6 (Mo. App. W.D. 2023).

4

**Analysis**

In Wright's sole point on appeal, he argues his actions were not sufficient to demonstrate that:

> his specific intent was to take money "from the person of the victim" because no reasonable person would have believed [Victim] had any money on her since she was in her underwear and [a] t-shirt and [Victim's] testimony showed [Wright] asked her where the money was so he could retrieve it not from her person.

The elements of stealing under section 570.030.1 are "(1) an appropriation; (2) of property or services; (3) of another; (4) with the purpose to deprive the other thereof; and (5) accomplished either without the owner's consent or by deceit or coercion." *State v. Chapman*, 876 S.W.2d 15, 17 (Mo. App. E.D. 1994). Taking property "from the person of the victim" is an element of the class D felony of stealing under section 570.030.5(2). Under section 562.012, a person's guilt for an offense can be based on an attempt to commit that offense if the person performs a "substantial step" towards committing that offense. A "substantial step" is defined as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

The evidence was sufficient for a reasonable juror to determine Wright took a substantial step towards taking money from the person of Victim. As the Supreme Court of Missouri has explained:

> An attempt to commit an offense . . . means a substantial step toward the commission of an offense. . . . The question then becomes whether, under the facts[,] . . . the evidence is sufficient to show defendant committed a substantial step toward the completion of [a crime].

*State v. Withrow*, 8 S.W.3d 75, 80 (Mo. banc 1999). Here, Wright committed a substantial step toward completing the offense of stealing—and specifically attempted to take money from Victim's person—when he invaded Victim's home, threatened Victim,

and demanded Victim give him money. *See* § 562.012; ***Withrow***, 8 S.W.3d at 80. Specifically, Wright demanded Victim "give [him] [her] f*****g money b***h" and threatened to "f*****g shoot [her] and kill [her]" if she did not give him $200. Additionally, Wright stated "g*****n it, get down on the floor and give me some money." A reasonable person could infer that Wright intended to take the money from her person because Wright stood in front of Victim *and demanded she give the money to him.* Wright's variously phrased demands for Victim to "give me the money" are clear—Victim (*i.e.*, Victim's person) was to give Wright the money. And when Victim told Wright she would have to find the money herself, a reasonable person could infer that Wright knew he would have to take the money from Victim's person to get it.

Wright points to a single instance in Victim's testimony where she reports Wright "asked her where [the money] was and ordered her on the ground because he wanted to retrieve the money." Victim then stated "I don't even know where my billfold is. I've got to go find it myself." Again, Wright did not go to look for the money himself. Based on the definition of a "substantial step" in section 562.012, Wright's conduct and demands are "strongly corroborative of the firmness of [Wright's] purpose to complete the commission of the offense." § 562.012.1.

Wright fails to demonstrate that there was insufficient evidence to support his attempted stealing conviction, and his point is accordingly denied.

**Conclusion**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J. WEST, J. – CONCURS