**Jeffrey and Susan ROACH, Plaintiffs/Respondents,**

v.

**WEST WABASH CONSTRUCTION, INC., et al., Defendant/Appellant.**

**No. 61217.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1992.

Rehearing Denied Sept. 23, 1992.

Edward C. Ahleheim, St. Charles, for defendant, appellant.

John C. Maxwell, St. Charles, Lawrence J. Gordon, St. Louis, for plaintiffs, respondents.

AHRENS, Judge.

Defendant, West Wabash Construction, Inc., appeals from the judgment for plaintiffs in this court-tried breach of contract case. Defendant contends the trial court erred in denying defendant's motion for new trial in which it requested the entry of a new judgment in its favor. Defendant, a home builder, further contends it performed its services in a workmanlike manner and was not a guarantor of results. We affirm.

In February, 1988, plaintiffs and defendant entered into a written contract for defendant to build plaintiffs' home. There were preliminary discussions concerning the use of stain on the dwelling's redwood siding, but the contract provided for one coat of "primer" and one coat of "finish" on the siding.

During construction, defendant began painting the exterior of the house. Plaintiffs stopped the painting and requested stain be applied. Defendant suggested third-party defendant, Rauch Lumber Company, and other businesses as places where plaintiffs could choose a stain. Defendant

replaced the boards that had been painted, and defendant's subcontractor sprayed on two coats of the stain plaintiffs had chosen.

Plaintiffs observed no problems with the exterior finish of the home immediately following completion of construction in the summer of 1988. However, in the spring of 1989, plaintiffs noticed black staining and peeling of the exterior finish, particularly around the nails. Plaintiffs held discussions with representatives of defendant, third-party defendant, the painting subcontractor, and Benjamin Moore Paints. However, plaintiffs and those representatives were unable to resolve the problem. Thereafter, plaintiffs hired an independent painting contractor who refinished the exterior of the home.

In its first point, defendant contends the trial court erred in denying its motion for new trial and its request for the entry of a new judgment in its favor. In effect, defendant asserts there was no substantial evidence to support the verdict, because defendant performed in a workmanlike manner and thus did not become a guarantor of results.

■ We will sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We note that there was an express condition in the contract that work would be completed in a workmanlike manner. Therefore, even assuming, as defendant asserts, that it would not be a guarantor of results, this leaves open the question of whether defendant performed in a workmanlike manner.

Plaintiff's expert, the independent painting contractor who refinished the house, testified the original exterior finishing of the home was done in an unworkmanlike manner. Defendant's president testified the original exterior finish of the home was unsatisfactory and unworkmanlike, and that defendant made no independent investigation of the feasibility of using stain on redwood. Given this testimony, there was substantial evidence to support the trial court's judgment. The trial court did not abuse its discretion in denying defendant's motion for new trial. *See State ex rel. Missouri Highway and Transp. Comm'n*, 658 S.W.2d 900, 905–06 (Mo.App.1983). Point one is denied.

■ In its second and final point, defendant contends the trial court erred in not finding against third-party defendant Rauch Lumber Company because Rauch Lumber Company recommended plaintiffs use the stain. We note that this point does not comply with the wherein and why requirements of Rule 84.04(d), nor was any authority cited in support of this point. Rule 84.04(d). When the wherein and why requirements are not met, the question is not preserved for review. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). "If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Id.* at 687. The failure to cite authority or to explain the failure to do so preserves nothing for review. *Price v. American Bank*, 793 S.W.2d 593, 598 (Mo.App.1990).

When a point has not been properly preserved, we may review the argument portion of the brief for plain error if we find that manifest injustice or miscarriage of justice has resulted. Rule 84.13(c); *In re Marriage of McCoy*, 818 S.W.2d 322, 325 (Mo.App.1991). Reviewing the argument section is of no help here. Defendant cites no authority in the one paragraph that constitutes the argument section under its second point, and we are unable to glean defendant's theory from reading the argument. Courts should not be asked or expected to undertake additional research and briefing under those circumstances. *Thummel*, 570 S.W.2d at 686. We are unable to review point two, and it is denied for failure to comply with Rule 84.04(d).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.