STATE of Missouri, ex rel. MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Respondent,

v.

Collins F. KINDRED, et al., Defendants,

and

Mount Moriah Cemetery and Funeral Home, Inc., Appellant.

No. WD 46404.

Missouri Court of Appeals, Western District.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied Oct. 26, 1993.

Samuel Preston Williams, Kansas City, for appellant.

Judy Lynn Curran, Kansas City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Mt. Moriah Cemetery and Funeral Home, Inc., appeals from a judgment in its favor for $42,300 damages to its property in a highway condemnation by Missouri Highway and Transportation Commission.

Mt. Moriah's property is located in the southwest quadrant of the intersection of Highway 169, which runs north and south, and 108th Street, which runs east and west. It is used for a funeral home and cemetery. Other funeral homes than Mt. Moriah use the cemetery for burial. A north-south outer roadway gives access to the funeral home and the cemetery.

The condemnation petition sought a 3.3-acre strip of land across Mt. Moriah's 140-acre tract for the widening of Highway 169 in Clay County, and a temporary construction easement on an additional .26 acres. The taking also included certain signs and street lamps, a portion of a chain link fence, some shrubbery and a few trees.

The present outer roadway is 225 feet from the front of the funeral home; the new service road will be 52 feet therefrom. Mt. Moriah's valuation witness gave it as his opinion that this diminution of the funeral home front lawn caused severance damages of $99,000. He testified to an additional $46,000 in severance damages to the cemetery and the balance of the property. This witness thus placed the severance damages at $145,000, while the property actually taken he valued at $55,000. The Commission's valuation witnesses denied there were any severance damages.

Mt. Moriah says the trial court erred in refusing to give the following instruction offered by it, which specifically relates to severance damages to landowner's remaining property:

INSTRUCTION NO. B

Where, as in this case, the property condemned constitutes only a part of an owner's interest, the owner is entitled to just compensation, not only for the fair market value of the interest actually taken, but also such additional amount as will be equivalent to the diminution or lowering, if any, of the fair market value of the owner's interest in the land which was not taken, due to the severance therefrom of the interest which was taken. Such additional compensation is commonly known as "severance damage."

Accordingly, in determining the fair market value of what remains after the taking (to be deducted from the fair market value of the whole property before the taking, the difference being the measure of the defendant's just compensation), you should keep in mind that the valuation after the taking should include and reflect severance damages, if any, or special benefits, if any, according to your determination from the evidence as to whether such damage or such benefits occurred and, if so, in what amounts.

Some variation of the foregoing instruction is used in various state and federal jurisdictions. *See, e.g.,* Devitt & Blackmar, 3 *Federal Jury Practice and Instructions,* § 93.16 (3d ed. 1977); *Illinois Pattern Jury Instructions,* Eminent Domain §§ 300.45–300.48 (1992); *Pattern Jury Instructions (Civil Cases),* Eminent Domain § 13.3 (5th Cir. 1992); *Pattern Jury Instruction Civil Cases,* Eminent Domain § 12.1 (11th Cir.1990).

The instruction given by the court in this case was MAI 9.02. It reads as follows:

## INSTRUCTION NO. 6

You must award defendant such sum as you believe was the difference between the fair market value of defendant's whole property immediately before the taking on July 31, 1989, and the value of defendant's remaining property immediately after such taking, which difference in value is the direct result of the taking and of the uses which plaintiff has the right to make of the property taken.

 Whenever MAI contains an applicable instruction, it shall be given to the exclusion of any other on the same subject. Supreme Court Rule 70.02(b); *State ex rel. State Highway Comm'n v. Schwartz*, 526 S.W.2d 952, 956 (Mo.App.1975). MAI 35.09 specifically approves the giving of MAI 9.02, without any separate instruction on severance damages, in a partial taking case like the present case. It is the philosophy of MAI to leave to evidence and to argument the application of the instruction to the various items of damage which make up the difference between the before and after value. *Phillips Pipeline Co. v. Ashley*, 605 S.W.2d 514, 521 (Mo.App.1980) (construction damage).

It was not error for the trial court to refuse to give landowner's offered instruction on severance damages.

 Mt. Moriah for its second point says the trial court erred in refusing its offered instruction on the "maximum injury rule." The instruction was as follows:

## INSTRUCTION NO. A

In determining the loss caused to defendant by acquisition of the right-of-way across defendant's property, you must assume that plaintiff will make the fullest lawful use of the right-of-way taken.

You must also assume that the use of the right-of-way by plaintiff will be in a manner as injurious to defendant's remaining rights in the property as the rights taken by plaintiff will lawfully permit.

The landowner under this point emphasizes testimony about the temporary construction easement, particularly the closing of 108th Street, and its effect upon the operation of the funeral home and cemetery. To reach the cemetery from other places than Mt. Moriah's funeral home, one would have to take a longer and more indirect route. Funeral vehicles from other funeral homes would also have to pass through the Mt. Moriah parking lot, which would cause inconvenience when a funeral was in progress at Mt. Moriah.

Detailed construction plans were in evidence. The jury was not left to speculate about the damage and inconvenience which would be caused by and during the period of construction. In such a case, the jury was adequately instructed by the MAI 9.02 instruction given by the court, which told the jury the after-taking value was to take into account "the use which plaintiff has the right to make of the property taken." *See State ex rel. Highway and Transportation Commission v. Cowger*, 838 S.W.2d 144, 146–47 (Mo. App.1992). The instructions allowed a broad field for explanation and amplification of the landowner's damage claims in jury argument.

Judgment affirmed.

All concur.