STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,

v.

DELMAR GARDENS OF CHESTER-FIELD, INC., et al., Exceptions of Chesterfield Builders, Inc., et al., Defendants–Respondents.

No. 63815.

Missouri Court of Appeals, Eastern District, Division Two.

March 22, 1994.

Rich Tiemeyer, Chief Counsel, R.B. Regan, Asst. Counsel, and Paul R. Ferber, Dist. Counsel, Chesterfield, for plaintiff-appellant.

Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Mark E. Goodman and Jell A. Silverstein, Clayton, for defendants-respondents.

KAROHL, Judge.

The Missouri Highway and Transportation Commission (Commission) appeals an award of $413,852 in damages to landowners in a partial taking condemnation case. The Commission argues the trial court erred in ruling, as a matter of law, that special benefits could not accrue to the property; in excluding portions of the Commission's expert's testimony because his opinion was based on hearsay; in sustaining landowner's motion in limine and objection to the Commission's offer of proof concerning the zoning history of the property; and in sustaining landowner's motion in limine and objection to the Commission's offers of proof of the elements which affect the market value.

The Commission filed a Petition in Condemnation on April 16, 1990, in the Circuit Court of St. Louis County to acquire a piece of property located on the south side of Highway Forty between Woods Mill Road and Clarkson Road. The Commission planned to erect a highway interchange on the condemned property. The court entered its order of condemnation and court appointed Commissioners subsequently awarded $250,000 in condemnation damages to landowners. Both the Commission and landowners filed exceptions to the award and both requested a jury trial.

A jury waived trial was held on November 18 and 19, 1992. The trial court entered judgment in favor of landowners, awarding owners $413,852 in damages. The Commission appeals. We reverse and remand for a new trial.

■ Our review of a court tried case is governed by Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

■ In the Commission's first point on appeal, it contends the trial court erred in determining the Commission was not entitled to prove special benefits to offset the damages because, as a matter of law, its evidence proved only general benefits.

Prior to trial, the landowners motioned to exclude any evidence that special benefits had accrued to the condemned property as a result of construction of a highway interchange on the condemned land. After hearing the parties arguments, but without the benefit of any offers of proof, the court ruled in favor of landowners to exclude "testimony or reference of special benefits resulting from the taking of [landowners'] property." As a result of this ruling, the Commission asked for a continuance because its experts had based their appraisals on special benefits accruing to the condemned property. The trial court refused the request. The Commission then agreed to waive a jury trial "to

expedite matters under the unusual circumstances of this case wherein it is anticipated that [the Commission's] evidence will be mostly presented through an offer of proof."

■ It is well-settled in Missouri that special benefits to the residue of a landowner's property may be set off against the award of compensation for a taking in a condemnation suit, but general benefits may not be set off. *State ex rel. State Hwy. Com'n, Etc. v. Tate*, 592 S.W.2d 777, 778 (Mo.banc 1980). *State ex rel. State Highway Commission v. Jones*, 15 S.W.2d 338, 340 (Mo.1929), drew the distinction between special benefits and general benefits:

"General benefits," those accruing to the owners of property in a neighborhood or vicinity generally, are not deductible from the damages; to make such a deduction would be to require the landowner whose property is taken in part to liquidate his damages by contributing his share of the benefits which inure to the public as a whole. "Special benefits" stand on a different footing; they are such as accrue directly and proximately to the particular land remaining by reason of the construction of the public work on the part taken. Such benefits must, of course, be reflected in an increase in the market value of the land.

*Id. See also Tate*, 592 S.W.2d at 779. The burden of proving special benefits remains on the condemnor. *Tate*, at 782. Only that part of the increase resulting from special benefits—those, if any, arising from the land's position directly on the highway improvements, such as availability for a new or better use, facilities for ingress and egress, improved drainage, sanitation, flood protection, and the like—would be chargeable. *Tate*, at 779, citing *State ex rel. State Highway Commission v. Young*, 23 S.W.2d 130, 135 (Mo.1929). Cases involving the condemnation of a right of way for highway construction often cite changes in available uses or in the facilities for direct access that enhance the value of the residual land as paradigm examples of special benefits. *Tate*, at 779.

*State ex rel. State Highway Commission, Etc. v. Tate*, 592 S.W.2d 777 (Mo.banc 1980)

is controlling on this issue. In *Tate*, the court was presented with this same issue we now consider. Land was ordered condemned for the purpose of relocation and reconstruction of two highway routes. The landowners filed a motion in limine to prevent the Commission from presenting any evidence the landowners' property remaining after the taking was increased in value because of the location of a new interchange and an access road nearby, or from making any other reference to special benefits. *Id.* at 778. The trial court sustained landowners' motion and restrained the Commission from presenting evidence on, or mentioning, the issue of special benefits. Thereafter the parties waived a jury trial. The trial court entered a damage award in favor of the landowners. The Commission appealed alleging it was error for the court to exclude evidence of special benefits. *Id.*

In *Tate*, the Commission sought to show that the landowners' property benefitted from the direct access onto the improved highway route by way of a ramp; direct access onto an improved highway route by way of two newly constructed commercial entrances; direct access to a new street; and a change in the highest and best use of the property. *Id.* at 781. The court stated "[The Commission] has a right to present evidence with respect to these benefits, and their value should be set off against the landowners' damages." *Id.* "Whether the change in access constitutes a special benefit or another source of special damage to the landowner is a question of fact for the trier of facts." *Id.* The court continued "where a limited-access highway is substituted for a land-use highway, there does not appear to be any basis for a presumption of special benefit to the adjoining land; but the condemnor is entitled to prove, if it can, that the limitations imposed on the adjoining landowner's right of access are in fact a special benefit." *Id.* at 782, citing *State ex rel. State Highway Commission v. Vorhof–Duenke Co.*, 366 S.W.2d 329, 339 (Mo.banc 1963). The court found that the trial court's sustaining the landowners' motion to exclude all evidence of special benefits constituted prejudicial error. It reversed and remanded for a new trial. *Tate*, at 782.

Here, the Commission's position was that the landowners' property was suitable for residential development before the highway improvement and then commercial development after the improvement. During pre-trial motions the trial court sustained landowners' motion excluding all evidence of special benefits. It ruled before hearing any evidence of special benefits.

During trial the Commission sought to introduce evidence of special benefits. The landowners' objection to this evidence was sustained. However, the Commission preserved this error with an offer of proof. The Commission's appraiser testified that the highest and best use of the property before the highway improvements was for residential purposes and the fair market value of the property prior to the improvement was $617,105. He then testified that the fair market value of the property after the improvements was $1,859,907, taking into consideration that the highest and best use of the property would be commercial after the improvement. Rezoning was required but the prospects were a question of fact.

The Commission was entitled to present this evidence of special benefits to the trier of fact. It was error for the trial court to rule as a matter of law that all evidence of special benefits would not be admissible. The prejudice is inherent in the ruling. We reverse and remand for a new trial on this point.

■ We will also address the Commission's second point in that this may be at issue upon remand. In its second point, it alleges the trial court erred in declaring the Commission's expert witness could not rely on hearsay in formulating expert opinions.

The expert formulated his opinion, among other things, on discussions with "city officials, planning consultants, engineers, people active in the real estate development field." The trial court sustained the landowners' pre-trial motion to exclude the testimony of the Commission's expert testimony because that testimony was based on hearsay. The Commission preserved the error with an offer of proof.

During the offer of proof the Commission's expert was asked what his assignment was concerning the condemned property. He stated the assignment was to look at the property both before and after the highway taking, to formulate an opinion as to the highest and best use of the property, to review the factors which would affect value and the economics and viability of the use and development of the property. He explained his methodology:

[I] toured the property, the surrounding area, visited both. Studied various documents ranging from U.S. geographical topographic maps to planning and zoning documents that existed relative to this property. Talked to various people that I considered contacts or a network that I would use to establish a foundation for the formation of the determination and confirmation of my professional opinion. Those would include city officials, planning consultants, engineers, people active in the real estate development field.... [I] read such documents and have in this case the applicable subdivision ordinance, the applicable zoning, the zoning maps, the comprehensive plan, planning documents or zoning documents relative to this property.

This is how he normally went about researching his assignments. He testified these methods are normally used by others in the real estate profession as well.

When the expert was asked to give his opinion as to the property's value, highest and best use and rezoning possibilities after the highway improvements, the landowners objected stating his expertise was based on hearsay. The trial court sustained these objections throughout the Commission's offer of proof.

■ An expert necessarily acquires his knowledge and expertise from many sources, some of which are inadmissible hearsay. *Del–Mar Redevelopment Corp. v. Assoc. Garages*, 726 S.W.2d 866, 871 (Mo.App.1987), (citing *State v. Barron*, 400 S.W.2d 33, 37 (Mo.1966)). Merely because an expert relied on information and opinions of others does not automatically disqualify his testimony. As long as such sources serve only as a background for his opinion and are not offered as independent substantive evidence of value, he should not be precluded from testifying. *Del–Mar*, at 871.

During the offer of proof, the attorney for the landowners was allowed to voir dire the expert. During this examination, the expert repeatedly stated he did not base his opinion solely on conversations with other people. He testified he based his opinion on all the research he had conducted. The Commission never sought to elicit independent substantive evidence of value from the information its expert gathered from contacts in formulating his opinion.

The landowners rely on *State v. Sturmfels Farm Ltd. Partnership*, 795 S.W.2d 581 (Mo. App.1990). This case is distinguishable because there the Commission's expert's credibility was dependent wholly on the credibility of an anonymous declarant unavailable for cross-examination. *Id.* at 590. Unlike the expert in *Sturmfels*, in the case at bar, the Commission's expert based his opinion on a variety of disclosed sources. Under these circumstances, the Commission's expert's opinion should not have been excluded as based on hearsay. This error would also support a remand.

■ We will also address the Commission's third point on appeal. In this point, the Commission argues the trial court erred in preventing the Commission from presenting the zoning history of the property. The trial court did not allow the Commission to present evidence of denials of applications for rezoning of the property by the landowners, which the Commission contends prevented it from presenting an admission by the landowners that the property was enhanced by the highway improvement. The Commission argues that prior to the announcement of the highway project the landowners' development plans had demonstrated a residential use for the property. After the announcement, the landowners' development plans reflected a commercial use for the property as offices.

The landowners' appraiser valued the property as if it had been rezoned to commercial use prior to the highway improvements. The Commission contends the zoning

history of the property is relevant because it serves to refute the landowners' appraiser's opinion of value.

The Commission filed a motion to strike the landowner's appraiser's report on opinion of value because the appraiser did not discount his opinion of value of the property to account for the risk of rezoning. The landowners contend that because the testimony was struck, the Commission was not prejudiced by such a ruling. Landowners' further contend that prior applications for rezoning by the landowners were denied by St. Louis County's Zoning Board and now that the City of Chesterfield is incorporated, its zoning board is the proper board to review a rezoning application. They argue any prior zoning decisions by St. Louis County Zoning Board are irrelevant.

Despite this, the Commission contends it was still prejudiced because the trial court's ruling on this matter prevented one of its witnesses from testifying about her opinion of value and another from testifying about the zoning history as a part of the basis for his opinion of the highest and best use of the property.

 Limitations upon the admissibility of testimony concerning rezoning vary from state to state. *State v. Modern Tractor and Supply Co.*, 839 S.W.2d 642, 650 (Mo. App.S.D.1992). In Missouri, the applicable rule has been succinctly stated:

[W]hen determining just compensation for condemned property, it is proper to take into account rezoning which was reasonably probable just before or after the taking and which affected the fair market value of the property at either of those times.... The property *"must be evaluated under the restrictions of the existing zoning* and consideration given to the impact upon market value of the likelihood of a change in zoning...."* This may be done either by determining the subject property's value as rezoned, minus a discount factor to allow for the uncertainty that rezoning would actually take place, or by determining the property's value with its existing zoning, plus an incremental factor because of the probability of rezon-

ing.... (Citations omitted.) (Emphasis in original.)

*Id.* Facts regarding rezoning are relevant to the issue of whether there was a reasonable probability of a change in the zoning of the property and the fact that a planning commission recommended a change in zoning is also relevant as one of the essential steps in the rezoning process. *State v. Koberna*, 396 S.W.2d 654, 666 (Mo.1965). Further, in condemnation cases the better practice is for the trier of fact to hear and weigh as much relevant and material evidence relating to value as possible. *State ex rel. Hwy. Com'n v. Lynch Toyota*, 830 S.W.2d 481, 485 (Mo. App.E.D.1992).

Generally, under these guidelines, evidence relating to whether applications for rezoning had been approved or rejected would be relevant in considering the issue of value. Evidence of approval or denial of rezoning might support an inference of future conduct of the zoning board. However, here the rezoning applications were reviewed and recommendations were made by a different zoning board. The weight of such evidence may be less because of a change in the appropriate zoning authority but relevance and admissibility may be unaffected.

 However, the Commission's experts sought to testify to the zoning history of the property in order to show their opinion as to value and the highest and best use of the property, taking into consideration the reasonable probability of a change in the zoning of the landowners' property. Certainly, evidence as to the highest and best use of property subject to condemnation is relevant in determining the value of the property before the taking. *Lynch Toyota*, 830 S.W.2d at 485. The effect of zoning on value is not decisive but it is certainly an element to be considered. *Herman Glick Realty Co. v. St. Louis County*, 545 S.W.2d 320, 324 (Mo.App.1976). It was error for the trial court not to allow the Commission's experts to testify in this regard. This error supports a remand.

 In its final point, the Commission contends:

[T]he trial court erred in sustaining [landowners'] motions in limine and in sustaining [landowners'] objections to the offers of proof by [the Commission's] witnesses in that the trial court erroneously applied and declared the law thereby denying [the Commission] the opportunity to present evidence of the proper factors which affect the market value and the damages, if any, to the subject property.

This point violates Missouri Supreme Court Rule 84.04(d). Rule 84.04(d) states, in part:

(d) Points Relied On. The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Also, Rule 84.13(a) states, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...."

■■■ The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo. App.1988), (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.banc 1978)).

The Commission has failed to state wherein and why the trial court erred and has only set out an abstract statement of law without showing how it relates to any action or ruling of the court. This point is denied.

The judgment of the trial court is reversed and remanded for a new trial consistent with this opinion.

CRANE, P.J., and CRAHAN, J., concur.