STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,

v.

Norman L. JACOB, et al., Exceptions of Clarkson 242 Partnership, et al., Respondents/Defendants.

No. 64277.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Paul R. Sterrett, Senior Asst. Counsel, Mo. Hwy. & Transp. Com'n., Chesterfield, for appellant.

Jerome Wallach, Wallach Law Firm, St. Louis, for respondents.

CRANE, Presiding Judge.

Clarkson 242 Partnership (Owner) owned a parcel of land with two commercial buildings used as a chiropractic office, an insurance agency, and a sales agency at 242 Clarkson Road in the City of Ellisville, St. Louis County. On May 1, 1991 the Missouri Highway and Transportation Commission (Commission) permanently took 2,400 square feet of this property for the widening of Clarkson

Road. The taking included some parking spaces. The Commission also took a temporary construction easement of 3,000 square feet. The court appointed Commissioners. Both parties filed exceptions to the Commissioners' award. After a trial on those exceptions, the jury awarded Owner $160,000 in damages. The Commission appeals, asserting errors in the admission and exclusion of evidence. We affirm.

■ For its first point the Commission asserts that the trial court erred in admitting testimony

regarding interpretation of the ordinances of the City of Ellisville to deny a new owner or tenant use and occupancy of the subject property after the taking, in that such denial of use and occupancy would constitute an unconstitutional taking of property rights without payment of just compensation, in violation of Article I, Section 26 of the Missouri Constitution.

In its brief the Commission specifically complains that Owner's expert witness, Michael Gartenberg,

testified that in the after condition, any change in use of the subject property would require "further review" by the City of Ellisville (T. 168). Gartenberg testified that a "buffer strip" would be required by the Ellisville ordinances because of the highway taking (T. 180), and that, because of the taking, the property was no longer in compliance with the City ordinances (T. 186), and that the solution for this nonconformance was to tear the front building down (T. 189–190).

Prior to this testimony the Commission voiced the following objection:

Your Honor, at this point in time I've got to make a constitutional objection on the basis that if, in fact, Mr. Gartenberg, as I believe he will, will testify that the city will not permit uses on the property which were permitted prior to the taking, that this is an unconstitutional taking, a taking without compensation. And on that basis, this testimony should not be allowed.

\* \* \* \* \* \*

Your Honor, if I may repeat that, constitutionally the city is not in a position to penalize an owner or any subsequent owner for property being taken by—under eminent domain, on a situation wherein the use remains the same. And on that basis I believe that this witness will be testifying to an unconstitutional taking by the city, and I don't believe that that is a proper foundation for expert testimony or any other kind of testimony.

\* \* \* \* \* \*

Your Honor, by requesting damages based upon the city determining that a use which continues on a piece of property can no longer be utilized without compensation by the city is, in fact, unconstitutional. And on that basis a request for damages on this basis is insufficient and should not be allowed.

The trial court denied the objection, but treated it as continuing.

■ The Commission seeks review of the trial court's order denying its objection to the admission of evidence. However, in making this objection in the trial court, the Commission did not specify what rule of evidence it was evoking and why that rule of evidence should exclude the expert's testimony. Objections to a question should be specific enough to inform the trial court what rule of evidence is being evoked and why that rule of evidence should exclude a responsive answer. *Lindsey v. P.J. Hamill Transfer Co.,* 404 S.W.2d 397, 400 (Mo.App.1966). Where the grounds for objection are not made reasonably apparent, the trial court's ruling on the objection is unreviewable. *Id.*

■ In its brief the Commission cites no authority and provides no argument which addresses the admissibility of the evidence of which it complains. Rather, it cites cases relating to the constitutionality of certain types of takings in connection with the interpretation of ordinances and of the submissibility of a defense. The failure to cite authority supporting the point or to explain the failure to do so preserves nothing for review. *Roach v. West Wabash Constr., Inc.,* 838 S.W.2d 447, 448 (Mo.App.1992). Point one is denied.

■ The Commission next contends the trial court erred in denying the admission of a transcript of a zoning proceeding in which the Ellisville Board of Adjustment granted a variance for another Ellisville property. It argues that the evidence was relevant because it refuted the Owner's claim that the front building would have to be razed because of insufficient parking.

At trial the Commission offered a certified copy of the transcript of an October 12, 1992 City of Ellisville Board of Adjustment hearing relating to a request for a variance for the Jiffy Lube property located at 15849 Manchester Road in the City of Ellisville. The Commission informed the trial court that the purpose of the document was to put before the jury "the fact that a variance was granted to Jiffy Lube in October of 1992" in order to show that Ellisville had granted a variance when a highway taking had resulted in a non-conforming use. The trial court sustained Owner's objection on the grounds of irrelevancy.

■ Evidence of a reasonable probability of rezoning is relevant and material to the valuation of a landowner's property in a condemnation action. *See Union Electric Co. v. Saale,* 377 S.W.2d 427, 429 (Mo.1964).

> [W]hen determining just compensation for condemned property, it is proper to take into account rezoning which was reasonably probable just before or after the taking and which affected the fair market value of the property at either of those times.... The property "must be evaluated under the restrictions of the existing zoning and consideration given to the impact upon market value of the likelihood of a change in zoning...."

*State ex rel. Mo. Hwy. & Transp. Comm'n v. Delmar Gardens of Chesterfield, Inc.,* 872 S.W.2d 178, 183 (Mo.App.1994) (quoting *State v. Modern Tractor and Supply Co.,* 839 S.W.2d 642, 650 (Mo.App.1992)) (emphasis in original eliminated).

The Commission relies on the following passage from *Delmar Gardens* to support its relevancy claim:

> Generally, under these guidelines, evidence relating to whether applications for rezon-

ing had been approved or rejected would be relevant in considering the issue of value. Evidence of approval or denial of rezoning might support an inference of future conduct of the zoning board. However, here the rezoning applications were reviewed and recommendations were made by a different zoning board. The weight of such evidence may be less because of a change in the appropriate zoning authority but relevance and admissibility may be unaffected.

872 S.W.2d at 183. *Delmar Gardens* dealt with the exclusion of the zoning history of the same property. It held that the zoning history of the same property was relevant even if the zoning board had changed. *Id.*

However, in this case the Commission sought to admit a zoning determination of a wholly separate property. The excluded transcript reveals that the state had taken some Jiffy Lube property fronting Manchester Road when it expanded Manchester and Clarkson Road. At the October 1992 hearing, the Board of Adjustment granted Jiffy Lube a variance for a modified planting strip. This zoning determination was made with respect to a separate piece of property fronting a different road. It involved a different type of variance and a different type of commercial use. The trial court did not abuse its discretion in excluding this evidence on the grounds it was not relevant to whether a variance would be granted for parking on Owner's property. Point two is denied.

The judgment of the trial court is affirmed.

GRIMM, C.J., and CRANDALL, J., concur.