**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Respondent,**

v.

**WABASH RAILROAD COMPANY, et al., Exceptions of Wabash Railroad Company and Norfolk and Western Railway Company, Defendants/Appellants.**

No. 64934.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 1994.

Stephen M. Schoenbeck, Daniel M. Zureich, Schoenbeck, Schoenbeck & Associates, St. Louis, for appellant.

Robert W. Miller, Sr. Asst. Counsel, Paul Ferber, Dist. Counsel, Rich Tiemeyer, Chief Counsel, Mo. Highway & Trans. Com'n, Chesterfield, for respondent.

SMITH, Presiding Judge.

The Missouri Highway and Transportation Commission filed a petition to condemn property in St. Charles County, a portion of which was included in the right of way of the Norfolk and Western Railway Company (N

& W).[1] The Commissioners' award was $500 which N & W took exceptions to. A jury awarded N & W $0 in damages. N & W appeals. We affirm.

In its petition the Commission identified the property as "Lands, properties or interest, ownership of, or legal rights in which are claimed by WABASH RAILROAD COMPANY; NORFOLK AND WESTERN RAILWAY COMPANY, Tenant, holder of a lease ...; and BARBARA WALKER, Collector of Revenue for St. Charles County, Missouri ..." In its answer N & W admitted that it had a leasehold interest in the property and that the fee title is held by the Wabash Railroad Company. The Commission sought a permanent easement of approximately 1.5 acres for an off-ramp from Highway 370 to Highway 94, and approximately 3 acres for a temporary construction easement.

At trial N & W presented testimony by its industrial development manager and its expert appraiser. The former testified that the permanent and temporary easements did not interfere in any way with the use of the right-of-way for railroad purposes. He further testified that the railroad had no intention of ceasing use of the right-of-way for railroad purposes. The track on the right-of-way is the railroad's main track between St. Louis and Kansas City. The right-of-way is three hundred feet wide and in the area involved approximately 2400 feet in length. At its intersection with Highway 94 the tracks, which sit in the middle of the right-of-way, are approximately fifty feet above the road. To the east is the railroad bridge over the Missouri and a trestle.

The appraiser testified that the highest and best use of the property was as a right-of-way for a railroad track—the present use. He then testified that the right-of-way could be developed for industrial purposes and based upon allegedly comparable sales of land for industrial development in the area concluded that the value of the property had been reduced by $75,300 by the Commission's taking.

N & W raises several issues on appeal. Before dealing with these specifically some more general observations are warranted. The railroad never produced any evidence of what ownership interest it had in the property. That interest could be either fee title or an easement. It professes that the Commission's allegation of Wabash's interest and its answer alleging a fee title established that the ownership interest was a fee. But the Commission's allegation was a claim by Wabash of "ownership of, *or legal rights in* ..." Legal rights can certainly encompass an easement interest in the property, so the Commission's petition did not identify the specific interest held by Wabash. N & W asserts that the failure of the Commission to deny the allegation of fee interest asserted in the railroad's answer established the interest of the railroad as a fee. We are unaware of any rule or authority, and have been cited to none, which mandates a reply to an answer to refute factual allegations in the answer. The pleadings do not establish the interest which the railroad held in the property.

■ The burden is upon the landowner in a condemnation case to prove the extent of its damages. It is not incumbent on the condemnor to produce any evidence of damages. *State ex rel. State Highway Commission v. Kemper*, 542 S.W.2d 798 (Mo.App. 1976) [4, 5]. Opinion evidence is not binding on the jury and it is up to the jury to determine the credibility of expert witnesses. The jury is at liberty to disbelieve any or all of the landowner's evidence. *Id.* Where the condemnor offers no evidence of damages, then the verdict can range from zero to the highest estimate provided by the landowner. *Id.* at [6–8]. Here the Commission offered no evidence of damages.

It is important to understand the nature of the railroad's claim of damage. Presumably two approaches to that issue could have been taken in view of the uncontroverted fact that the taking had no effect on the railroad operation or trackage. The railroad could have established that (1) portions of the

---

1. At the time the petition was filed the Wabash Railroad owned whatever interest a railroad held in the property and the Norfolk and Western leased the right-of-way. After the petition was filed and prior to trial the Wabash merged into the N & W so we treat the railroad defendant as the N & W.

right-of-way not necessary for the operation of its trains could have been sold for development, (2) the property taken in the condemnation was such a portion, or part of such a portion, and (3) the reduction in value of the entire parcel as a result of that taking. This approach was not taken. The other approach is that the right-of-way as a whole has value for some other purpose, i.e., industrial development, and reduction of the size of the entire parcel by the condemnation reduced the total value of the entire parcel. This was the approach taken by the railroad.

■ N & W specifically premises error on a number of grounds, closely related. First it complains because the condemnor raised through its questioning of the railroad's witnesses the nature of the railroad's interest in the property, the circumstances under which it could abandon its track, and whether it would maintain any continuing interest in the land if it did abandon the track. The only objection voiced at trial was relevancy and that is the only basis for review here. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876 (Mo. banc 1985) [17]; *Wilson v. Shanks*, 785 S.W.2d 282 (Mo. banc 1990) [2]. We find the evidence was relevant. Given the railroad's failure to establish whether its interest in the property was a fee or an easement the potential use which could be made of the property was highly pertinent to the railroad's approach to the issue of damages. Its theory of recovery was based upon an abandonment of its railroad operations on the right-of-way and its value thereafter for industrial development. If it lost its rights to the property upon abandonment of the railroad usage, or could not abandon, then it would sustain no damage by the taking which occurred here. Inherent in the railroad's theory of damages was the premise that it could sell the property upon cessation of railroad operations. The evidence was relevant to challenge that premise.

■ In a related contention N & W contends that the court erred in refusing to allow it to introduce evidence of other sales of right-of-way. The short answer to that contention is that the railroad made no proper offer of proof and the matter is not therefore reviewable. *Frank v. Environmental Sanitation Management, Inc., supra.* That doctrine is particularly applicable here for without an offer of proof neither we nor the trial court can determine whether such sales bear any relevancy to the property here and the theory of damages relied upon by N & W. The sale of a portion of an unneeded section of right-of-way presents an entirely different situation than the proposed sale of a totally abandoned right-of-way. In the absence of a proper offer of proof, the nature and type of "other" sales is unknown and also their relevancy.

N & W also premises error on the alleged failure of the Commission to satisfy its burden of proof with respect to its abandonment theory. The Commission had no such burden of proof. It was the railroad's burden to establish its damages. Under the theory of damages utilized by the railroad it had the burden to establish that it could sell the entire right-of-way if it chose to abandon the track. Any failure to carry a burden was that of the railroad, not the Commission.

■ Railroad's remaining three points are all based upon the same premise—that the verdict was contrary to the evidence. It was not. The railroad's only witness on damages, its appraiser, was thoroughly impeached upon cross-examination. He testified that the highest and best use of the property was its present use as a railroad right-of-way and then premised value on a use which was not the highest and best. He admitted that the comparables that he used all involved land ready for development including utilities and streets and that none of them were in fact comparable to the tract in question. He admitted that he had not calculated or even taken into account the expense of bringing the property in question into a condition where it could be utilized for industrial development. The evidence of the Commission was that expense would exceed half a million dollars. The appraiser admitted that he was not aware of any intention of the railroad to discontinue use of the property as a right-of-

way and admitted that the taking had no effect at all on the railroad operation. The latter testimony was corroborated by the other railroad witness. The evidence in short established that no interference to the use of the land occurred and the railroad's evidence failed to show any damage to the remaining parcel.

The Commission's motion to dismiss the appeal for violation by N & W of the briefing rules. is denied.

Judgment affirmed.

PUDLOWSKI and WHITE, JJ., concur.