STATE of Missouri, ex rel. MISSOURI
HIGHWAY AND TRANSPORTATION
COMMISSION, Appellant,

v.

Karl D. BUYS, et al., Exceptions
of Frank Edgar Borgman,
Respondent.

No. WD 50246.

Missouri Court of Appeals,
Western District.

Oct. 24, 1995.

James M. Slone, Assistant Counsel, Judy L. Curren, District Counsel, Kansas City, for appellant.

Joseph R. Borich, III, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

ULRICH, Judge.

The Missouri Highway Transportation Commission (MHTC) filed its petition in condemnation, and 2.82 acres of a 10.24 acre tract owned by Frank and Lou Ellen Borgman, including the Borgman residence, were condemned to facilitate construction of a new I–70 and Adams Dairy Parkway interchange in eastern Jackson County. Following condemnation and payment into court of the commissioners' award of $205,000, both MHTC and the Borgmans filed exceptions to the award. Trial occurred, and judgment was entered for the Borgmans in the sum of $260,000. MHTC's motion for a new trial was overruled, and MHTC appealed.

MHTC asserts three points of error. It claims the trial court erred in (1) refusing to permit its counsel to enquire of the venire during voir dire whether any member of the panel had a strong belief that the state should receive no credit or offset in the purchase price of property condemned when the condemnation enhances the value of the portion of the tract still owned by the citizen; (2) excluding evidence pertaining to the mar-

ket demand for commercial properties within the Adams Dairy Parkway plan, including the area near the new interstate 70 interchange; and (3) giving instruction No. 3, the burden of proof instruction, which, although it placed on the Borgmans the burden of proving they sustained damage and the amount sustained, placed on MHTC the burden of proving any resulting special benefits and their amount.

The judgment of the trial court is affirmed.

## 1. Value of Remaining Property After Condemnation

■ MHTC claims as point one that the trial court erred in refusing to permit it to ask the venire whether panel members believed MHTC should receive credit toward the acquisition price of the land condemned for any enhanced value resulting from the highway project to the remaining tract of land retained by the owners. The question propounded to the venire by counsel for MHTC asked:

Do any of you hold a strong belief that, when the State acquires a part of a citizen's property for a highway project and that project makes the citizen's remaining, adjacent property much more valuable, the State should get no credit or offset in the purchase price?

The Borgmans' attorney objected to the question, and the court sustained the objection.

■ Broad discretion is afforded trial courts during voir dire inquiry. *Barnes v. Marshall,* 467 S.W.2d 70, 76 (Mo. banc 1971). Appellate courts do not reverse trial courts rulings made during voir dire "unless they clearly and manifestly indicate an abuse of such discretion." *Id.* Voir dire provides an opportunity to expose prejudices or biases that would prevent prospective jurors from serving as fair and impartial jurors. *Littell v. Bi–State Transit Development Agency,* 423 S.W.2d 34, 38 (Mo.App.1967). Voir dire is not an opportunity to argue ones position or to attempt to influence jurors to favor a party's cause. *Id.* Attempting to commit prospective jurors to particular future conduct abuses the voir dire process. *State v.*

*Norton,* 681 S.W.2d 497, 499 (Mo.App.1984). Even when the subject of a voir dire inquiry is appropriate, the manner in which the question is asked may taint the question rendering it improper. *Id.*

The propounded question could have been understood by the venire to have assumed that the value of the portion of the tract of land retained by the Borgmans was enhanced as a result of the project for which the taking was to be effected. Whether the value of the retained portion of the land was enhanced by the project was not an established fact to be asserted during voir dire. Therefore, the trial court did not abuse its discretion in sustaining the Borgmans' objection.

Point one is denied.

### 2. *Exclusion of Testimony*

■■■ MHTC claims the trial court erred in excluding testimony of Francis Owens, Director of Economic Development for the city of Blue Springs, regarding whether he was contacted by commercial interests about properties within the area of the Interstate 70–Adams Dairy Parkway interchange. The Borgmans had objected that the question solicited irrelevant hearsay evidence. Additionally, James Fern was asked what commercial acquisitions were occurring within the geographic area near the condemned property. The Borgmans also objected to this question, asserting it was irrelevant because the question inquired about negotiations, not completed sales. The trial court sustained the objection. MHTC claims that the court's preclusion of the questions prevented MHTC from meeting the burden imposed on it of proving "special benefits" inured to the Borgmans as a result of the project.[1]

■■■ The admissibility of evidence is within the discretion of the trial judge. *St. Louis County v. Boatmen's Trust Company, et al.,* 857 S.W.2d 453, 457 (Mo.App.1993). The trial court's ruling is upheld when there exists any recognizable ground on which the trial judge could have rejected the evidence. *Missouri Farmers Ass'n v. Kempker,* 726

S.W.2d 723, 726 (Mo. banc 1987). When the trial court's ruling is clearly against the logic of the circumstances then before the court, and when the court's ruling is so arbitrary and unreasonable that one's sense of justice is shocked and a lack of careful consideration is manifest, the trial court has abused its discretion. *State ex rel. Missouri Highway and Transportation Commission v. McDonald's Corp.,* 872 S.W.2d 108, 113 (Mo. App.1994). "Errors regarding the admission or exclusion of evidence will result in reversal only if there is substantial and glaring injustice." *St. Louis County,* 857 S.W.2d at 457.

■■■ A hearsay statement is an out-of-court statement offered to prove the truth of the matter asserted. *State v. Frey,* 897 S.W.2d 25, 34 (Mo.App.1995). Hearsay is generally inadmissible "because the statement is not subject to cross-examination, is not offered under oath, and is not subject to the fact finder's ability to judge demeanor at the time the statement is made." *Bynote v. National Super Markets, Inc.,* 891 S.W.2d 117, 120 (Mo. banc 1995).

■■■ The question posed to Mr. Owens did not itself ask for hearsay testimony. It required only a showing that he was contacted by developers. Hearsay is primarily testimony which consists of narration by one person of matters told by another. *Edwards v. Union Pacific R. Co.,* 854 S.W.2d 518, 521 (Mo.App.1993). If the significance of an offered statement is solely in the fact that it was made, no issue is raised as to the truth of the matter asserted, and the offered statement is not hearsay. *Mattes v. Black & Veatch,* 828 S.W.2d 903, 908 (Mo.App.1992). (Statement that Black and Veatch had instructed them regarding ventilation system was not hearsay.)

■■■ The testimony of whether inquiries had been made of Mr. Owens was offered to show the desirability of the land by commercial brokers. Testimony indicating an active interest in the land in question on the part of prospective buyers is not hearsay and is admissible on the question of desirability of the land. *State ex rel. State Highway Commis-*

---

**1.** Instruction No. 3, stated in part that, "The burden is on the plaintiff [MHTC] to cause you to

believe the existence and the amount of special benefits."

*sion v. Thurman,* 428 S.W.2d 955, 958 (Mo. App.1968); *City of St. Louis v. Vasquez,* 341 S.W.2d 839, 848 (Mo. banc 1960). Even though Mr. Owens' testimony was not hearsay, exclusion of relevant and admissible testimony is not always reversible error. *State ex rel. Missouri Highway and Transportation Commission v. McDonald's Corp.,* 872 S.W.2d 108, 115 (Mo.App.1994).

 Mr. Fern's testimony regarding negotiations constitutes hearsay. He was attempting to testify to out of court conversations regarding negotiations to sell property then currently underway. An exception to the hearsay rule allows experts testifying about the value of real estate to base their decision in part on inquiries made into other sales. *State ex rel. State Highway Commission v. Berkeley School Dist.,* 618 S.W.2d 195, 197–98 (Mo.App.1981). This exception is applied when the sale used in formulating the expert's opinion has a sufficient guarantee of trustworthiness. *Id.* Negotiations do not have the same indicia of reliability as a finalized sale. Negotiations of sales are outside the bounds of this exception. The trial court did not abuse its discretion to exclude testimony regarding negotiations.

 Exclusion of evidence does not result in reversible error unless it would have changed the outcome. *Lewis v. Wahl,* 842 S.W.2d 82, 85 (Mo. banc 1992). The exclusion of Mr. Owens' testimony that commercial inquiries had been made did not create a substantial and glaring miscarriage of justice since the highest and best use of the property as commercial property had been established by other evidence. Point two is denied.

### 3. *Instruction No. 3*

MHTC's final point asserts that the trial court erred in giving instruction number three, a modified version of Missouri Approved Instructions (MAI) 3.02, instead of its tendered instruction A. Instruction three reads as follows:

The burden is on the defendants to cause you to believe that they have sustained damage and the amount thereof. **The burden is on the plaintiff to cause**

**you to believe the existence and amount of special benefits.** In determining the amount of your verdict, you must consider only the evidence and the reasonable inferences derived from the evidence. If you do not believe certain evidence, then you cannot consider that evidence in arriving at the amount of your verdict.

Instruction A, offered by MHTC, is MAI 3.02 unmodified, which is identical to the above instruction except it does not contain the second sentence (emphasized). MHTC argues this was error in that the instruction erroneously placed the burden of proof as to special benefits on MHTC when the burden of proof of establishing the existence and amount of damages was properly on the Borgmans.

 Substantial indication of prejudice must have occurred to reverse a judgment for instructional error. *Craft v. Scaman,* 715 S.W.2d 531, 534 (Mo.App.1986). A modified MAI instruction is not presumed erroneous. *Duncan v. First State Bank of Joplin,* 848 S.W.2d 566, 568 (Mo.App.1993). To warrant reversal because an instruction is not an MAI, the instruction must misdirect, mislead and confuse the jury. *Id.*

 When the MAI instruction contains an applicable instruction, it should be used to the exclusion of all others. *State ex rel Missouri Highway Commission v. Kindred,* 861 S.W.2d 583, 585 (Mo.App.1993). However, an MAI instruction should be modified where necessary to fairly submit the contested issue to the jury. *Jurgeson v. Romine,* 442 S.W.2d 176, 178 (Mo.App.1969).

Until 1969, 3.01 was the general burden of proof instruction used in most cases, including those involving condemnation. After 1969, MAI 3.02 must be the burden of proof instruction in all eminent domain cases. MAI 3.01 contains a critical sentence, missing from 3.02, that makes modification of MAI 3.02 appropriate in this case. The second sentence of MAI 3.01 reads, "The burden of causing you to believe a proposition of fact is upon the party who relied upon that proposition." MAI 3.01 (1991).

 The landowner has the burden of proving the extent of damages in a condem-

nation case. *Missouri Highway and Transportation v. Wabash R. Co.,* 889 S.W.2d 181, 182 (Mo.App.1994). The burden of proving the existence and amount of special benefits to the landowner is the condemnor's. *State ex rel. State Highway Commission v. Vorhof–Duenke Co.,* 366 S.W.2d 329, 337 (Mo. banc 1963); *State ex rel. State Highway Commission v. Tate,* 592 S.W.2d 777, 782 (Mo. banc. 1980); *State ex rel. Missouri Highway and Transportation Commission v. Delmar Gardens of Chesterfield,* 872 S.W.2d 178, 180 (Mo.App.1994). Special benefits are similar to recoupment or counterclaim. *Vorhof–Duenke Co.* at 337. As such they are similar to a independent action by the condemnor.

Without modification to the instruction, the jury would not have known that it was MHTC's burden to prove special benefits incurred by the Borgmans as asserted by MHTC. The instruction submitted did not misdirect, mislead or confuse the jury. When special damages are claimed by the condemnor, modification of MAI 3.02 is appropriate to fairly submit the issue to the jury. Point three is denied.

The judgment of the trial court is affirmed.

All concur.