**The CITY OF BRANSON, Missouri, and Taney County, Missouri, Plaintiffs–Appellants,**

v.

**The ESTATE OF Grace K. LaFAVRE, (Exceptions of Andrew Gugar, Jr.) Defendants–Respondents.**

No. 22842.

Missouri Court of Appeals, Southern District, Division One.

Jan. 27, 2000.

Matthew F. Trokey, Cantwell, Smith & Trokey, LLP, Branson, for Appellants.

Richard L. Schnake, Brian K. Asberry, Neale & Newman, L.L.P., Springfield, for Respondents.

KENNETH W. SHRUM, Judge.

The City of Branson and Taney County, Missouri, (Plaintiffs) filed this partial-taking condemnation case to obtain land and easements they needed to widen a road adjacent to Andrew Gugar, Jr.'s (Defendant's) land. Plaintiffs alleged that the widening of the road, together with other improvements, specially benefited Defendant's remaining land such that the land

increased in value beyond any damages caused by the taking. Accordingly, Plaintiffs contended that Defendant was not entitled to any damages. The trial court disagreed. Following a bench trial, the trial judge awarded Defendant damages of $68,000. Plaintiffs appeal, charging that the trial court misinterpreted or misapplied the law in certain of its rulings and findings regarding special benefits. We disagree. Accordingly, we affirm the judgment.

## FACTS

The purpose for Plaintiffs' condemnation suit was to widen and make other improvements to the Shepherd of the Hills Expressway, which lay adjacent to Defendant's property. Via the condemnation suit, Plaintiffs obtained the following of Defendant's property: 0.26 acres for right of way, 0.21 acres for utility easement, and 0.39 acres for drainage easement. In addition, Plaintiffs obtained a temporary construction easement covering 1.08 acres.

Before the taking, Shepherd of the Hills Expressway was a two-lane road without curbs, street lights, or sidewalks. After the taking, Shepherd of the Hills Expressway had five lanes (one of which was a center turn lane), curbs, gutters, sidewalks, and street lights.

In their pleadings, Plaintiffs asserted that Defendant's remaining land was specially benefited by the widening of the road and the attendant improvements. At trial, Plaintiffs presented two expert witnesses to support this contention. Richard T. Hall, testified that Defendant's remaining land was specially benefited by reason of "better access to the property, better traffic flow in front of the property, the installation of curbs and gutters and sidewalks, and the increased size of utilities to the property, and also better visibility for the property." He valued Defendant's property at $750,321 before the taking and at $768,397 after the taking. Consequently, Hall found that the special benefits to

Defendant's property exceeded damages thereto by $18,706.

Plaintiffs' other expert witness, Troy James Willis, valued Defendant's land at $531,000 before the taking. He assessed Defendant's damages at $34,000 for the land permanently taken and at $11,000 for the temporary construction easement. Willis also testified that Defendant's property was specially benefited, in particular by the widened road and the installation of curbs, gutters, sidewalks, and street lights. Willis estimated that the value of Defendant's land after the taking was $592,764. In summary, Willis concluded that Defendant was benefited $17,000 more than he was damaged.

Defendant's expert witness, Charles E. Crowley, valued Defendant's land at $808,000 before the taking and $740,000 after, meaning Defendant suffered damages of $68,000. Crowley also opined that the improvements made after the taking, i.e., five lanes with center turn lane, gutters, curb, sidewalk, and street lights, did not specially benefit Defendant's land as they did not change the value of Defendant's remaining land. Defendant's other expert, Mary Jane Brasel, testified that Defendant sustained $60,000 in damages as a result of the taking and she did not believe Defendant's remaining land had specially benefited. Brasel explained that in a large city, the enumerated improvements, i.e., widened road, street lights, curbs, gutters, and sidewalks might increase the value of remaining land. She testified, however, that Branson "is a unique area" and from her investigation, she found no instance in Branson where road widening caused property values to increase.

The trial court entered judgment for Defendant for $68,000. This appeal followed.

## DISCUSSION AND DECISION

*Street Lights and Sidewalks as Special Benefits.*

The trial court's judgment included the following:

"After reviewing the evidence and having reviewed counsel's post-trial suggestions, and after giving this matter due consideration, the Court finds as follows:

. . . .

"2. The sidewalks and street lights are general benefits rather than special benefits."

On appeal, Plaintiffs refer to the "sidewalks and street lights" finding as an erroneous declaration of law that led the trial court to commit reversible error. Specifically, Plaintiffs' second point reads:

"The trial court erred in entering its judgment in favor of ... [Defendant] and against [Plaintiffs] for the reason that the court misapplied or misdeclared the law in that the Court found sidewalks and street lights to be general benefits because they were benefits that were usable by the public as a whole."

■ In Missouri, special benefits to a condemnee's remaining real estate may be set off against an award of compensation for the real estate that is taken, but general benefits may not be set off. *State ex rel. State Highway Comm'n of Missouri v. Tate*, 592 S.W.2d 777, 778[1] (Mo.banc 1980); *State ex rel. Missouri Highway and Transp. Comm'n. v. Delmar Gardens of Chesterfield, Inc.*, 872 S.W.2d 178, 180[3] (Mo.App.1994). Missouri courts have repeatedly relied on *State ex rel. State Highway Comm'n v. Jones*, 321 Mo. 1154, 15 S.W.2d 338 (1929), to explain the distinction between special and general benefits.

" 'General benefits,' those accruing to the owners of property in a neighborhood or vicinity generally, are not deductible from the damages; to make such a deduction would be to require the landowner whose property is taken in part to liquidate his damages by contributing his share of the benefits which inure to the public as a whole. 'Special benefits' stand on a different footing; they are such as accrue directly and proximately to the particular land remaining by reason of the construction of the public work on the part taken. Such benefits must, of course, be reflected in an increase in the market value of the land."

*Id.* at 340[1,2]. *See, e.g., Tate*, 592 S.W.2d at 779; *Delmar Gardens*, 872 S.W.2d at 180.

■ When special benefits are alleged in a partial-taking condemnation case, the condemnor bears the burden of proving both the *existence* and the *amount* of special and peculiar benefits to the land that remains. *State ex rel. State Highway Comm'n v. Vorhof–Duenke Co.*, 366 S.W.2d 329, 337[8] (Mo.banc 1963); *State ex rel. Missouri Highway and Transp. Comm'n v. Buys*, 909 S.W.2d 735, 739–40[24] (Mo.App.1995). While building or improving a highway is presumptively beneficial to adjacent land, the determination of whether such benefits were actually conferred upon adjacent land in a given case is, nevertheless, for the trier of fact— here, the trial judge—to decide after hearing the evidence. *See Vorhof–Duenke*, 366 S.W.2d at 337–38, 340; *Jones*, 15 S.W.2d at 341; *City of St. Louis v. Hamley Realty Co.*, 48 S.W.2d 938, 940[8] (Mo.1932).

■ Here, Plaintiffs assert that the trial court ruled *as a matter of law* that sidewalks and street lights were general benefits, not special benefits. This premise is contradicted by the record. The trial judge expressly stated that his findings regarding whether the sidewalks and street lights were special benefits was based, at least in part, on a *review of the evidence*. By characterizing the trial court's finding regarding the nature of the sidewalk and street light benefits as an erroneous declaration or misapplication of law—rather than what it was, i.e., a resolution of relevant but conflicting evidence concerning whether Defendant's adjacent land was, in fact, specially benefited— Plaintiffs are essentially asking us to convict the trial court of an error it did not commit. This we will not do. *See Greene County v. Pennel*, 992 S.W.2d 258, 261

(Mo.App.1999). In reviewing a court-tried case, "the trial court judgment is presumed valid," *Delaney v. Gibson*, 639 S.W.2d 601, 604[4] (Mo.banc 1982), and the burden is on the appellant to show the incorrectness of the judgment. *Id; Estate of Abbott*, 944 S.W.2d 279, 284 (Mo.App. 1997). Plaintiffs do not carry this burden by characterizing the trial court's resolution of conflicting evidence as an erroneous conclusion of law.

█ Plaintiffs make no claim on appeal that the trial court erred in resolving the evidentiary conflict regarding special benefits. A contention not encompassed in a properly stated point will not be considered on appeal. *See In re Marriage of Myers*, 845 S.W.2d 621, 624[1] (Mo.App. 1992). "An appellate court should not become an advocate for one of the parties in an effort to see if it can find a theory for reversal." *Stroup v. Facet Automotive Filter Co.*, 919 S.W.2d 273, 277[11] (Mo. App.1996). Point II is denied.[1]

*Change in Highest and Best Use: Prerequisite to Special Benefits?*

█ In discussing special benefits, Missouri courts have said that "[a] prime example of a special benefit ... is when highway construction changes available use of land to a higher and better use." *State ex rel. State Highway Comm'n v. Koziatek*, 639 S.W.2d 86, 88 (Mo.App.1982) (citing *Tate*, 592 S.W.2d at 779). Here, all expert witnesses, both for Plaintiffs and Defendant, agreed that this project did not change the available use of this land to a higher and better use. On this subject, the trial court found:

"After reviewing the evidence and ... counsel's post trial suggestions, and after giving this matter due consideration, the Court finds as follows:

. . . .

"4. Because *the highest and best use of the property has not changed* and *because this Court is unable to value the special benefits,* this Court concludes that the property is not specially benefitted by this project." (Italicization and underlining added.)

Focusing exclusively on the italicized language above, and ignoring the underlined passage, Plaintiffs' first point urges reversal for the reason that

"the trial court misapplied or misdeclared the law in that the court relied on the proposition that the highest and best use of a condemned property must change in order for the property to be charged with 'special benefits' when there is no such requirement under the law in ... Missouri."

Contrary to Plaintiffs' assertion, the trial court did not declare as a matter of law that a change in the highest and best use is required before special benefits can be found. The trial court prefaced its "highest and best use finding" by reciting that such finding came "[a]fter reviewing the evidence." Taken in context, the trial court's "highest and best use" finding is merely a summary of the testimony of the expert witnesses, *all* of whom testified that the project *did not* change the available use of the remaining land to a higher and better use. This finding is followed by the trial court's conclusion that Defendant's remaining land was not specially benefited on that basis. Any other reading of the judgment is tortured and illogical. Once again, Plaintiffs have mischaracterized the trial court's finding in an apparent effort to have us convict the trial court of an error it never made. As stated before, this we will not do. *Pennel*, 992 S.W.2d at 261. Plaintiffs do not meet their burden of

---

1. In passing, we note that this record has substantial testimony from Defendant's expert witnesses—evidence wholly ignored by Plaintiffs in their brief—that the sidewalk and street lights did not specially benefit Defendant's remaining property as they did not increase its value. The trial court obviously chose to believe Defendant's evidence and disbelieve Plaintiffs' evidence on this subject, which was its prerogative. *See Herbert v. Harl*, 757 S.W.2d 585, 587[1] (Mo.banc 1988).

showing the judgment incorrect by attempting to frame the trial court's finding of fact as an erroneous declaration or application of law.

 The trial court's other finding in paragraph four, i.e., that it was "unable to value the special benefits" (underlined portion of quote above), also formed a basis for the trial court's conclusion that "the property is not specially benefitted by this project." [2] Even so, Plaintiffs did not challenge this second finding as erroneous in a point relied on. Appellate courts address only those issues properly presented in a point relied on, and matters that are only casually alluded to in the argument portion of a brief and not contained in the point relied on are not preserved or presented for appellate review. *Smith v. Taylor–Morley, Inc.*, 929 S.W.2d 918, 923[1] (Mo. App.1996). As written, Plaintiffs' first point presents nothing for our review. Point I is denied.

The judgment of the trial court is affirmed.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.

---

**2.** From the record we deduce that the trial court found it could not value special benefits because of the "all or nothing" nature of Plaintiffs' evidence, that is, their experts found special benefits attributable to various improvements, including sidewalks and street lights, but valued all special benefits collectively. No evidence of a separate special benefit value for each improvement was presented. Since not all of what Plaintiffs claimed as special benefits were found by the court to be special benefits, the court apparently viewed the testimony of Plaintiffs' experts as lacking a foundational basis from which it could decide special benefit amounts. *Vorhof–Duenke,* 366 S.W.2d at 340. So viewed, it could be argued that Plaintiffs did not meet their evidentiary burden on this issue. Although Defendant makes this argument, we need not decide the issue because we affirm the judgment on another basis.